HOLMES, Judge.
This is an appeal from an order of the Circuit Court of Mobile County awarding custody of two minor children to their mother.
The parties to this action were divorced in 1979. The divorce decree awarded temporary custody of the parties’ two children to the maternal grandmother. The trial court reserved until a later time any decision regarding permanent custody of the children. The father was required to pay the grandmother $225 per month as child support.
In August, 1981, both parents filed a petition for change of custody. The husband had also earlier filed a petition to modify child support payments. An ore tenus hearing on these issues was held on September 23, 1981. The trial court thereafter awarded permanent custody of the children to the mother and awarded the father reasonable visitation rights. The trial court further ordered the father to pay the $225 per month to the mother as child support. Additionally, the mother was awarded a judgment against the father in the amount of $1,242 which represents the child support arrearage.
The father appeals to this court from the foregoing order. He primarily contends that the trial court abused its discretion in awarding custody of the children to the mother. The father also contends that the trial court erred in refusing to reduce the amount of child support payments he was required to make. This court affirms.
Viewing the record with the attendant presumptions, the following is pertinently revealed: The children who are the subject to this custody action are both males who, at the time of the custody hearing were eight and four years old. Though the grandmother had temporary legal custody of the children, for the majority of the time since the divorce the children have been in the actual custody of the mother. The record further reveals that the father was aware of this de facto change in custody and that he did object to it though he took no legal action to change the situation.
Viewing the overall circumstances of the parties, both parents appear to be fit to receive custody of the children. Both the father and mother are young and in good health. Both are employed, the mother by a bank and the father by an insurance company. Though the father has been continuously employed since the divorce he has allowed an arrearage in his child support payments to develop.
Both the father and mother have remarried since the divorce. The father is presently living with his new wife and baby in a residential neighborhood. The two children have a good relationship with their father and his new family.
The mother, though married, is presently living in an apartment complex away from her new husband. Both the mother and her husband testified that this separation was due solely to some problems with the husband’s daughter by a previous marriage and when these problems are resolved the mother will again reside in a home with her husband. The testimony further revealed that the children are on good terms with the mother’s husband.
The children appear to have become adjusted to the circumstances in which they find themselves. The record indicates that the children get along well with each other, with their parents and grandparents, and with their step-parents. Additionally, the testimony revealed that the eldest child, who was in the second grade at the time of the hearing, was doing well in school.
*136 It is well settled that an award of custody is a matter within the sound discretion of the trial court and the trial court's decision will not be reversed on appeal absent abuse of discretion. Smythe v. Smythe, 376 So.2d 1101 (Ala.Civ.App.1979); Dasinger v. Dasinger, 369 So.2d 813 (Ala. Civ.App.1979). In exercising its discretion the trial court must be guided by the children’s best interests. Rosser v. Rosser, 355 So.2d 717 (Ala.Civ.App.1977), cert. denied, 355 So.2d 722 (Ala.1978). The Alabama Supreme Court in Ex parte Devine, 398 So.2d 686 (Ala.1981), set out some factors to be considered by the trial court in awarding custody. These factors include the sex and age of the children, the characteristics and needs of each child, the respective home environments of the parties, the characteristics of those seeking custody, the capacity and interest of each parent to provide for the varying needs of the children, the interpersonal relationship between each child and each parent, the interpersonal relationship between the children and the effect on the children of disrupting or continuing an existing custodial status. 398 So.2d at 696-97.
As stated earlier, both parents are undoubtedly fit to receive custody of the children. The record indicates that, at the time of the hearing, the father perhaps offered a more stable home environment. We should note, however, that the problem with the mother’s home environment was apparently due solely to her husband’s daughter’s inability to accept her and this problem does not directly affect the children.
It is also important to note that, for whatever reason, the mother has had primary custody of the children for approximately two years. The children have adjusted to this situation and apparently accept it. Furthermore, due to the father’s liberal visitation rights, the children will still be present in the father’s home on numerous occasions.
Viewing the facts as a whole and considering what is in the best interest of the children, this court cannot conclude that the trial court so abused its discretion as to require reversal. To do so would substitute our judgment for that of the trial court. This we cannot do. Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App.1980).
This court also finds that the trial court did not err to reversal in failing to adjust the child support payments the father was required to make. Modification of child support provisions are appropriate only upon a showing of a material change in the circumstances of the parties. Inman v. Inman, 370 So.2d 1037 (Ala.Civ.App. 1979).
A review of the record reveals no material change in the circumstances of the parties. There is no evidence of any change in the circumstances of the mother and the children. The only change in the circumstances of the father that the record reveals is his three job changes since the 1979 divorce. There is evidence that one of those jobs did not pay as well as a previous job. The father’s testimony indicated, however, that at all times he was making adequate money and, furthermore, the father’s testimony indicated that he will earn more at his present job than any job he has had since the divorce.
This change in the father’s circumstances is not sufficiently material to warrant a modification of the child support provisions.
Finally, in brief the father raises two issues regarding the arrearage assessment which require some brief comment. First the father contends that the trial court erred in assessing the amount of the arrearage because it failed to give him credit for payment of increased school tuition expenses. Suffice it to say that the trial court committed no error in not granting him credit for such payments because the divorce decree required the father to pay tuition expenses.
The father also contends that, because the arrearage accrued while the children were in the legal custody of the grandmother, the trial court erred in making the arrearage payable to the mother. In con *137 sidering this issue we must be mindful that we are dealing with child support payments. As the name indicates, these payments are for the support and benefit of the children and not for the support and benefit of the mother or the grandmother. See Williamson v. Williamson, 391 So.2d 115 (Ala.Civ.App.1980); Hall v. Hall, 391 So.2d 122 (Ala.Civ.App.1980). Since the payments are for the benefit of the children and since the children have been in the actual custody of the mother for approximately two years, this court cannot conclude that the trial court erred in making the arrearage payable to the mother.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.