This is a child custody case.
Donna Patricia Cole and Joseph Charles Cole were divorced by a final decree entered June 3, 1983. Custody of the couple's two minor daughters was awarded to Mr. Cole, subject to Mrs. Cole's visitation rights. Mrs. Cole appeals here, asserting that (1) the trial court abused its discretion in awarding custody of the children to the father, and that (2) the findings of the trial court are unsupported by the evidence. We do not agree.
A child custody award incident to divorce is a matter within the sound discretion of the trial court. Baker v. Baker,418 So.2d 134 (Ala.Civ.App. 1982). In deciding which parent should have custody, the paramount consideration is the health, safety and well being of the children. Ex parte Hilley, 405 So.2d 708
(Ala. 1981). The trial court, in exercising its discretion to make a custody award must be guided by the children's best interest, which is determined by weighing many factors, including the sex and age of the children, the characteristics and needs of each child, the respective home environment of the parties, the characteristics of those seeking custody, the capacity and interest of each parent to provide for the varying needs of the children, the interpersonal relationship between each child and parent, and the interpersonal relationship between the children. Baker, supra at 136.
Where, as here, a custody award is made after an ore tenus hearing, we have often stated that this court will presume that the trial court correctly applied its discretionary authority to adjudge the child's best interest. Lightfoot v. Bylsma,412 So.2d 813 (Ala.Civ.App. 1982). This presumption arises from the trial court's opportunity to see and hear the witnesses,Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726 (1964), and we will only reverse on appeal if the trial court abused its discretion, Baker, supra at 136, or if the judgment is so unsupported by the evidence as to appear plainly wrong.Lightfoot, supra at 814. If we find the decree supported by credible evidence, it is our duty to affirm. Gandy v. Gandy,370 So.2d 1016 (Ala.Civ.App.), cert. denied, 370 So.2d 1019
(Ala. 1979).
After reviewing the record before us, we are convinced that the trial court properly considered the aforementioned factors in exercising its discretion to award custody to Mr. Cole. We find no abuse of discretion in the court so doing, and we consider the evidence adequately supports the trial court's judgment. Viewing the record in the light of the ore tenus presumption of correctness, we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.