This is a divorce case. *Page 873 
The husband filed for divorce in the Circuit Court of Dale County, specifically requesting that he be awarded custody of the couple's six-year-old daughter. The wife moved to dismiss the husband's petition, contending that the Alabama court lacked jurisdiction under the Uniform Child Custody Jurisdiction Act, §§30-3-20 through -44, Ala. Code (1975), or alternatively, that under the statute Florida courts provided a more appropriate forum, see id. at § 30-3-27.
After considering testimony and other evidence on the jurisdiction issue, the trial court granted the wife's motion, dismissing the petition and assessing attorney fees and court costs against the husband.
The husband appeals and we affirm.
The dispositive issue on appeal is whether the evidence, when considered in light of § 30-3-27, supports the trial court's action.
There is evidence in the record which reveals the following: The parties were married in Thailand in 1972. The husband is an American citizen, the wife a Thai national. In 1977, when the couple was stationed in West Germany, the wife gave birth to the couple's only child, a daughter. Later, in 1980, when the husband was stationed in the Washington, D.C., area, the wife expressed a desire to leave the husband. She took the daughter and selected a house in Fort Walton Beach, Florida, so that she might be near Eglin Air Force Base, where her sister's husband was stationed. The husband testified that he later assumed the loan on the Florida home, with the intent of "provid[ing] them a good place to live while I could work at reconciling the marriage." In January of 1982 the husband was assigned to Fort Rucker, an army installation in Alabama. There is no indication in the record that the husband had any prior connection with the State of Alabama before his being stationed at Fort Rucker. He attempted to convince his wife to move to Fort Rucker to join him, but she refused. Thereafter, on weekends the husband drove to Fort Walton to attempt to maintain a close relationship with his daughter and to try to reconcile the failing marriage.
On June 12, 1983, after visiting in Florida, the husband returned to Fort Rucker with the daughter. At the hearing on the wife's motion, the husband testified that he brought the daughter back "for her well-being" and because he feared she might be taken out of the country. When asked if his wife consented to the child's being moved, he answered, "Eventually she did. . . ." However, the wife testified in her affidavit that the child was removed against her will. On June 21, 1983, the husband filed the instant action. The following day, the wife filed a divorce petition, also seeking custody, in the Circuit Court of Okaloosa County, Florida.
It is clear to this court that § 30-3-27, when read in conjunction with § 30-3-22 (3), is applicable to the instant appeal. It is also equally clear that the trial court correctly applied § 30-3-27 to the instant facts.
Under § 30-3-27 a court may decline to exercise its jurisdiction over a child custody proceeding if it determines that it is in the child's interest that another state assume jurisdiction. The decision is obviously a discretionary one, and the statute lists several factors that the trial court may consider.
The husband contends that the trial court erred in also considering other factors not enumerated in the statute. However, as worded, the statute clearly allows the trial court to consider other factors it may deem relevant and, accordingly, we find no error here.
One factor, specifically enumerated in the statute, see § 30-3-27 (c)(1), is whether another state is or recently was the child's home state. Under § 30-3-22 "home state" is defined as that state in which the child has resided with a parent for at least six consecutive months. Under this definition Florida, not Alabama, qualifies as the child's home state. A second factor,see § 30-3-27 (c)(2), is whether another state has a closer connection with the *Page 874 
child and his family. In the present case there was evidence that the couple owns a home in Florida, that the daughter has lived in this home since late 1980 or early 1981, and that she had attended kindergarten in Florida. No substantial Alabama contacts were established other than the father's residence. A third factor, see § 30-3-27 (c)(5), is whether the exercise of jurisdiction by an Alabama court would contravene the purposes of the Uniform Child Custody Jurisdiction Act stated in § 30-3-21. One of these purposes is to deter the unilateral removals of children undertaken to obtain custody awards, see § 30-3-21 (a)(5). The fact that the husband removed the daughter from Florida less than two weeks before he filed for custody supports a conclusion that the purposes of the Act would be better served if Alabama courts were to decline jurisdiction.
Additionally, under § 30-3-28, a court may decline to exercise jurisdiction if it finds that the petitioner has wrongfully taken the child from another state or engaged in similar reprehensible conduct. Although the trial court did not expressly indicate that it relied upon this section, the denial of jurisdiction can be supported hereunder.
The husband also contends that the trial court erred in charging him with the court costs and wife's attorney fees in the dismissed action. However, authority for the action is clearly available under § 30-3-27 (g).
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.