This is a child custody case.
Diane and Gary H. Colburn were divorced by a Texas court in 1975. In the decree of divorce Diane received custody of their child, Gary Wayne Colburn. The mother and child moved to Alabama about one year after the divorce, where they continued to reside. In the summer of 1985, the child visited his father in Oklahoma under the terms of the visitation rights set out in the Texas court order. During the visitation time, the father filed a petition in Oklahoma to modify the decree of the Texas court. The Oklahoma court modified the divorce decree, giving custody of the child to the father. In March 1986 the mother filed an action with the Circuit Court of Winston County, Alabama, seeking temporary and permanent custody of the child. The father answered, stating the Oklahoma judgment should be given full faith and credit. A hearing was held and the court granted care, custody, and control of the child to the mother.
The father appeals the judgment of the trial court and argues that the court erred in assuming jurisdiction to modify the custody of the child. He also contends that the trial court should have accorded the Oklahoma judgment full faith and credit.
Alabama courts, pursuant to Alabama's Uniform Child Custody Jurisdiction Act (UCCJA), must recognize and enforce valid custody modification judgments of another state. §§ 30-3-20 to -44, Code of Alabama 1975 (1983 Repl.Vol.); Wyatt v. Falhsing,396 So.2d 1069 (Ala.Civ.App. 1981). If the Oklahoma court had jurisdiction of the child under the UCCJA or the Federal Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A, the judgment must be enforced. If it did not have jurisdiction under these acts, its judgment is not entitled to full faith and credit, and it is not mandatory under the UCCJA that it be enforced. Mitchell v. Mitchell, 437 So.2d 122 (Ala.Civ.App. 1982). In order for jurisdiction of a court in a particular state to attach in a case governed by the UCCJA, certain prerequisites must be met as set out in § 30-3-23, Code 1975 (1983 Repl.Vol.).
Oklahoma has adopted the UCCJA, Okla. Stat. tit. 10, §§ 1601-1628 (1981 and 1986 Supp.), which provides for all purposes of this case the same as our § 30-3-23. That law provides as here pertinent that a state has jurisdiction to make a child custody determination by initial or modification decree if: (a) that state is the home state of the child at the time of the commencement of the proceeding, or (b) had been the home state within six months before the commencement of the proceeding and the child is absent from the state because of his removal or retention by a person claiming his custody, or for other reasons, and a parent continues to live in this state.
There is no question but that the child and its mother had lived in Alabama since shortly after the divorce in 1975. There is no question but that the child was *Page 184 
in Oklahoma in 1985 only as a visitor with his father under the visitation rights given in the Texas divorce. He was due to be returned to his mother at the end of the summer. Therefore, at the commencement of the proceeding for custody by the father in the court of Oklahoma, Oklahoma was not the home state of the child as defined by the UCCJA. Berry v. Berry, 466 So.2d 138
(Ala.Civ.App. 1985). It is not contended that Oklahoma had jurisdiction under any other provision of the act, such as the emergency provision of § 30-3-23 (a)(3).
There can be no question but that Alabama has at all times since 1975 been the home state of the child. The courts of this state had complete jurisdiction to determine his custody. The Oklahoma court had no jurisdiction. Its judgment of custody is not due full faith and credit in Alabama. The judgment of the Alabama court was entered with jurisdiction and is hereby affirmed. Mitchell v. Mitchell, supra.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.