ROBERTSON, Judge.
This is a divorce case.
The parties were divorced on the grounds of incompatibility in August 1989, after 13 years of marriage. The final divorce decree and the amendment ordered, inter alia, that the father have custody of the only child of the marriage, and that he have exclusive possession of the marital home for the purpose of providing the child a home. The marital residence was ordered held by both parties, each having a one-half, undivided interest until sold, when the proceeds would be divided equally. Additionally, the parties were awarded personal property in their possession. Both parties appeal.
The father’s dispositive contention is that the division of marital property, both real and personal, was plainly and palpably wrong and unjust in view of the evidence presented. The mother contends that the trial court erred in awarding custody of the child to the father.
It is well-settled that when the trial court bases its judgment, as here, on ore tenus evidence, a presumption of correctness attaches to the judgment, which will be disturbed only for an abuse of discretion so unsupported by the evidence as to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
The trial court has broad discretion in determining a property division pursuant to divorce. No rigid standards apply, but, rather, the trial court is free to consider facts and circumstances unique to each individual case in fashioning the division. Jones v. Jones, 560 So.2d 1092 (Ala.Civ.App.1990).
To detail the facts of this case as revealed in our careful review of the record would serve no useful purpose, due to the multitude of cases in existence on this subject. There is ample evidence in the record supporting the property division ordered by the trial court. Accordingly, we conclude that the trial court’s judgment regarding the property division is without error and must be affirmed.
The issue the mother raises on appeal, child custody, is another matter that rests soundly within the discretion of the trial court. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The primary concern in child custody cases is the best interests and welfare of the child. Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986).
It is well-established that in initial custody determinations between parents, the parties stand on equal footing before the court without a favorable presumption to either. Further, the trial court considers a variety of factors in determining what is in the best interests of the child. Santmier, supra.
Here, the trial court reviewed the evidence, including testimony from the child, and determined that the best interests of the child would be better served by placing custody with the father rather than the mother. It is noteworthy that the trial court’s order noted the particular unpleasantness of custody determinations “in cases when both parents have negative parenting aspects.” The mother contends that the trial court failed in the custody determination to properly consider the father’s behavior. Our review of the judgment reveals that the trial court specifically indicated awareness of problems with both parents and particularly cautioned the father about future conduct. Further, the trial court’s order warned the father that failure to follow its order, regarding his conduct affecting the child, could result in an order changing custody to the mother.
The trial court specifically noted reliance on the evidence before it, witness testimony, and the demeanor of the parties and witnesses in making its custody decision. The ore tenus presumption of correctness applies in child custody cases, and the judgment of the trial court cannot be reversed on appeal if the evidence supports the judgment, unless an abuse of discretion is shown. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).
*804 Our review reveals ample evidence to support the award of custody to the father, and we are bound to affirm.
The mother's request for an attorney’s fee in this appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.