L. CHARLES WRIGHT, Retired Appellate Judge.
Following an ore tenus proceeding, Stevie L. Shiver and Kimesa E. Shiver were divorced by a final decree entered by the Circuit Court of Geneva County. The wife was awarded custody of the two minor children. The husband appeals and asserts that the trial court abused its discretion in awarding custody to the wife and that the findings of the trial court are unsupported by the evidence.
A child custody award incident to divorce is a matter within the discretion of the trial court. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983). The paramount consideration in deciding which parent should have custody is the health, safety, and well-being of the children. Ex parte Hilley, 405 So.2d 708 (Ala.Civ.App.1981).
Where a custody award is made after an ore tenus proceeding, this court will presume that the trial court correctly applied its discretionary authority to adjudge the child’s best interests. Cole. This presumption arises because the trial court is in the best position to see and hear the witnesses. Cole. We will reverse the trial court only if it has abused its discretion or if the judgment is so unsupported by the evidence as to appear clearly and plainly *672 wrong. Lightfoot v. Bylsma, 412 So.2d 813 (Ala. Civ.App.1982). If the decree is supported by credible evidence, it is our duty to affirm it. Cole.
Our review of the record convinces us that the trial court properly considered the health, safety, and well-being of the children in exercising its discretion to award custody to the wife. Furthermore, we find the evidence adequately supports the trial court’s judgment. There was no abuse of discretion here. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.