L. CHARLES WRIGHT, Retired Appellate Judge.
Following an ore tenus proceeding, the Circuit Court of Limestone County entered a final divorce decree dividing the parties’ property and awarding custody of the minor daughter to the father. The mother appeals.
Initially, the mother asserts that the trial court abused its discretion in awarding custody to the father.
It is well established that in initial custody determinations the parties stand on equal footing without a favorable presumption to either. Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986). The paramount consideration in deciding which parent should have custody is the health, safety, and well-being of the child. Ex parte Hilley, 405 So.2d 708 (Ala.1981). A child custody award is a matter within the discretion of the trial court. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983).
On appeal, this court will presume that the trial court correctly applied its discretionary authority to adjudge the child’s best interests. Cole. This presumption arises because the trial court is in the best position to see and hear the witnesses. Cole. If the decree is supported by credible evidence, it is our duty to affirm it. Cole.
To detail the facts of this case as revealed in our careful review of the record would serve no useful purpose. Suffice it to say that misconduct was alleged against each party and supported by some evidence.
Our review of the record convinces us that the trial court properly considered the health, safety, and well-being of the child in exercising its discretion to award custody to the father. Furthermore, we find the evidence adequately supports the trial court’s judgment. There was no abuse' of discretion in the award of custody.
The mother next contends that the trial court abused its discretion in its division of the marital property.
The trial court awarded the father the marital home, -with the father being required to assume and pay the mortgage against it. Certain personal property not pertinent to this appeal was also divided between the parties.
The mother argues that the award of the marital home to the father is inequitable and constitutes an abuse of the trial court’s discretion.
There is no dispute that the marital home is the only substantial asset accumulated during the parties’ marriage. The value of the parties’ equity in the home is approximately $5,700.
The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). The division of property does not have to be equal, only equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). Factors to be considered in the division of property are the future prospects of the parties, their age, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
The record reflects that the parties were married for eight years. The mother is 25, and the father is 36. Both are in good health. The mother works part-time at Wayne Poultry and earns $154 per week. At the time of the hearing she was interviewing for a full-time position. She lives with her father but is looking for other accommodations. The father is employed full time and earns an hourly wage of $10.39.
Applying the attendant presumptions to the facts in this case, we cannot say that the trial court abused its discretion in the disposition of the marital home, particularly in view of the award of custody to the father. The division of the marital property is affirmed.
The mother next contends that the trial court erred in refusing to award alimony to her. An award of alimony is a matter within the discretion of the trial *738 court and will not be reversed on appeal except for palpable abuse. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
The mother is young and in good physical health. At the time of the hearing she was actively seeking full-time employment. She has completed one year of college. She has no debts from the marriage except for the loan on her automobile. She was not ordered to pay child support. She is well able to support herself. We find no palpable abuse of the discretion of the court in the denial of an award of alimony.
The mother finally asserts that the trial court erred in refusing to grant a continuance of the hearing. She cites no authority in support of this argument. Failure to cite any supporting authority precludes this court from considering the issue presented. May v. State Dep’t of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.