THIGPEN, Judge.
This is a custody case.
The parties divorced in 1985. Included in the divorce decree was an agreement between the parties providing for custody of the child with the mother, subject to the limited visitation of the father. In 1989, the father petitioned to change custody of the child to him, alleging a material change in circumstances in that the mother’s husband had “committed physical violence” on the child and that the mother had neglected the needs of the child. The father also sought financial support for the child in the event custody was changed.
After considering all evidence, including three days of testimony, the trial court, inter alia, denied the father’s petition to change custody and increased the father’s visitation. The trial court’s lengthy order expounded succinct findings based on the evidence presented and the conclusions drawn therefrom regarding the suitability of each parent to have custody of the child. The order clearly specified the burden of proof utilized in reviewing a petition to change custody from one parent to another. The trial court expressly acknowledged the evidence regarding the mother’s and father’s separate home situations, the child’s school disciplinary problems and school progress, the child’s behavior, and the child’s love for both parents. The trial court’s order noted the “serious implications of [the motherj’s drug problems” and retained jurisdiction to monitor her *937 progress regarding employment, drug usage, parenting, etc. The father appeals.
The dispositive issue raised is whether the trial court abused its discretion in denying the father’s petition to change custody.
Child custody decisions lie within the discretion of the trial court. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983). This court will presume that the trial court, following the presentation of ore tenus evidence, correctly applied its discretionary authority to adjudge a child’s best interests because the trial court is in the best position to see and hear the witnesses, and if the decree is supported by credible evidence, we must affirm it. Cole, supra. The parent seeking the change in custody bears a very heavy burden of proof when there is a prior custody decree. Showing that a material change in circumstances has occurred since the last decree is not sufficient. Although the best interests of the child are paramount, the petitioner must show that a change in custody will materially promote the child’s best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Detailing more specific facts in the instant case adds nothing to the vast body of cases concerning child custody in existence. We have closely and carefully reviewed the entire record in this case, including the volumes of extensive testimony, and find ample evidence supporting the accurately detailed findings in the meticulous order of the trial court. The trial court correctly determined that the father simply failed to carry the heavy burden of proof required by McLendon and correctly refused to change custody from one suitable parent to another. Accordingly, the judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.