This divorce and custody case questions, inter alia, the jurisdiction of the Houston County Circuit Court pursuant to §§ 30-3-23 and 30-3-27, Ala. Code 1975, part of the Uniform Child Custody Jurisdiction Act (UCCJA). Darren Martin Case (father) and Ashley Fell Case (mother) were married in August 1988 in Dothan, Alabama. The parties separated on September 14, 1991, when the father took the children, then ages 2 1/2 years and 5 months, from Alabama to his parents' home in the State of Mississippi. Two days later on September 16, he filed in the Chancery Court of Lincoln County, Mississippi, a "Complaint for Custody and Temporary Relief."
On September 19, 1991, the mother filed a complaint for divorce in Houston County, Alabama, and was granted custody of the minor children, pendente lite, on September 24, 1991. On September 27, the wife answered her husband's petition for custody in Mississippi, and on October 14, 1991, she filed a petition for writ of habeas corpus in Lincoln County, Mississippi, to enforce the temporary custody order of the Houston County Circuit Court under the UCCJA.
An order granting the writ was issued on October 15, and on October 16, a hearing was held in the Chancery Court of Lincoln County, Mississippi. The trial court refused to enforce the Houston County order, issued its own temporary custody order and set the case for trial in Mississippi on November 12, 1991. Pursuant to the Mississippi order, the parties were awarded a shared custody situation until the date of the trial, with the mother having the first visitation "[b]eginning at 6:30 p.m. on October 16, 1991 until 6:00 p.m. on October 22, 1991." The mother refused to return the children to the father, pursuant to the Mississippi custody order, and on October 31, 1991, the father filed, in Alabama, a "Motion to Dismiss or in the Alternative Motion to Stay Further Action on Custody."
On November 12, 1991, after the mother failed to appear for the hearing in Mississippi, the father was granted temporary custody of the minor children by the Chancery Court of Lincoln County, Mississippi, and he immediately filed a motion to enforce the foreign judgment in Houston County, Alabama. On November 21, 1991, the Circuit Court of Houston County entered an order finding, pursuant to § 30-3-23, Ala. Code 1975, that "as a matter of law that Alabama, the home state of the children, has jurisdiction of their custody and that the State of Mississippi does not. Therefore, the Court denies the Motion to Dismiss these proceedings." The father then answered the mother's complaint for divorce, and filed a cross-complaint and later an amended cross-complaint alleging adultery by the mother and seeking custody of the parties' minor children. Following a trial, the Circuit Court of Houston County entered a "Final Judgment of Divorce" finding in pertinent part as follows:
 "(1) That the bonds of marriage heretofore existing between the parties are dissolved and that they are divorced from each other because of adultery committed by [the mother].
". . . .
 "(3) It is clear to the Court that [the mother] committed adultery both before *Page 982 
and after the separation of the parties. However, it is the opinion of the Court that it would be in the best interest of the minor children that their primary custody be placed with [the mother] and such is so ordered subject to other conditions herein and [the father's] rights of visitation.
". . . .
 "(7) Due to the history of this case and the evidence taken at trial certain conditions and limitations are necessary for the exercise of custody by the [mother] and visitation by the [father]. [The mother's] custody is conditioned upon her not allowing any persons of the opposite sex other than related to her by blood or marriage to be present in her residence while either of the minor children are present. Neither party shall exercise custody or visitation with the minor children at any location when sexual relations are involved or the consumption of drugs or alcohol. Due to the sums necessary to relitigate custody issues in Mississippi should the [father] not return the children from visitation, his visitation other than in the presence of [the mother] shall be conditioned upon the filing of an Order of Dismissal with prejudice of the proceedings in the Mississippi Court."
The father's motion for new trial was denied and he timely appeals.
The father first contends that Mississippi properly had jurisdiction to enter the October 16 temporary custody order and that the Alabama trial court should have given full faith and credit to the Mississippi order. The father argues that the criteria set out in § 30-3-23(a)(2)a. and b., Ala. Code 1975, were met in the Chancery Court of Lincoln County, Mississippi. Section 30-3-23 governs jurisdiction of child custody determinations and states as follows:
 "(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
"(1) This state:
 "a. Is the home state of the child at the time of commencement of the proceeding; or
 "b. Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
 "(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
 "a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
 "b. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. . . ."
The father argues that at the time of the order, the children had significant connections with the State of Mississippi and that Mississippi is the state where there is substantial evidence "concerning the child's present or future care, protection, training, and personal relationships." A thorough review of the record does not support this claim. The mother argues and we agree that § 30-3-23(a)(1) applies in the present case and that Alabama is the proper and competent forum to determine custody of the parties' minor children.
"Alabama courts, pursuant to Alabama's Uniform Child Custody Jurisdiction Act (UCCJA), must recognize and enforce valid custody modification judgments of another state." In reColburn, 497 So.2d 182, 183 (Ala.Civ.App. 1986); Mitchell v.Mitchell, 437 So.2d 122 (Ala.Civ.App. 1982). While Colburn
dealt with a custody modification, here we have an initial custody determination, and application of the proper provisions of the statute requires consistent results. In this case, Mississippi did not have jurisdiction and the Alabama court is not required to enforce that judgment. Colburn, 497 So.2d 182.
Section 30-3-27(a), Ala. Code 1975, provides:
 "(a) A court which has jurisdiction under this article to make an initial or modification *Page 983 
decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum."
By use of the word "may," the statute makes the refusal to exercise jurisdiction discretionary with the trial court.Ballard v. Ballard, 444 So.2d 872 (Ala.Civ.App. 1984). Section 30-3-27(c) sets out several factors the trial court may use in determining whether to exercise jurisdiction. They are as follows:
 "(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
 "(1) If another state is or recently was the child's home state;
 "(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 "(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
 "(4) If the parties have agreed on another forum which is no less appropriate; and
 "(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 30-3-21 [one of which is to '[d]eter abductions and other unilateral removals of children undertaken to obtain custody awards']."
As to subsection (c)(1), "[u]nder § 30-3-22[(5)] 'home state' is defined as that state in which the child has resided with a parent for at least six consecutive months." Ballard,444 So.2d 872. The facts in this case are undisputed. The children were born in Dothan, Alabama, and lived there until September 14, 1991, when the father removed them from the state.
The only evidence the father presented concerning subsections (c)(2) and (3) in support of his claim that Mississippi is the proper forum is that he now lives in Mississippi and that the paternal grandparents would be in a position to care for the children while the father was working. This is not sufficient evidence to bring the case within the jurisdiction of Mississippi.
The father argues that the mother agreed to Mississippi as the forum as required by subsection (c)(4). The order from the Chancery Court of Lincoln County refers to "the agreement of the parties that no further proceedings will be had in the Circuit Court of Houston County, Alabama, in Case No. DR91-756 until after the hearing in this Court." The mother denies such an agreement; nevertheless, if this agreement existed it appears from this order that it was only a temporary stay of the proceedings in Houston County.
Finally, as to subsection (c)(5), since the father left the State of Alabama with the children on September 14, 1991, and filed a complaint for custody in the State of Mississippi on September 16, 1991, we find that he simply removed the children from Alabama, attempting to find a "friendlier" forum in Mississippi.
We affirm the trial court's finding that Alabama, as the home state of the children, has jurisdiction to determine custody under the UCCJA. The Circuit Court of Houston County properly retained jurisdiction in this instance.
The father next contends that the trial court erred in limiting testimony and the number of witnesses to be called by him. "[T]he trial court has some discretion in limiting cumulative evidence. [Citations omitted.] There seems to be no statute or case in Alabama deciding whether this discretion extends to limiting the number of witnesses or whether the parties have a right to introduce as many witnesses as they desire and can produce." Stokes v. Bryan, 42 Ala. App. 120, 123,154 So.2d 754, 756 (1963). According to 88 C.J.S. Trial § 92 at 201 (1955), "The trial court may, in its discretion, restrict the number of witnesses to establish a particular fact, at least where the fact is sufficiently established or is not controverted. The discretion must be an actual and judicial discretion, *Page 984 
exercised in view of the special character and circumstances of the particular case."
Here, a review of the record reveals that the testimony was becoming repetitive and cumulative, and that all the facts were sufficiently established. We cannot say that the trial court abused its discretion in limiting the testimony in this case.
Additionally, the father argues that the trial court erred in denying him the right to cross-examine the mother after she testified on rebuttal. Section 12-21-137, Ala. Code 1975, states as follows:
 "The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. If several parties to the same case have distinct interests, each may exercise this right."
The right of cross-examination is a fundamental right granted by Article 1, § 6, of the Constitution of Alabama 1901, and is included in the right of an accused to confront the witnesses against him. The right of cross-examination is not limited to criminal cases. Lomax v. Speed, 507 So.2d 455 (Ala. 1987). It has been extended to civil cases, including domestic cases.Hunt v. Hunt, 51 Ala. App. 73, 282 So.2d 689 (Civ.App. 1973).
"[I]t has repeatedly been held that the latitude and extent of cross-examination is a matter within the sound discretion of the trial court and is reviewable on appeal only forprejudicial abuse." Hembree v. City of Birmingham,381 So.2d 664, 666 (Ala.Crim.App. 1980) (emphasis supplied); Ball v.State, 337 So.2d 31 (Ala.Crim.App. 1976). The trial court's ruling will not be revised unless prejudicial error appears.State v. Farabee, 268 Ala. 437, 108 So.2d 148 (1959); Burton v.State, 487 So.2d 951 (Ala.Crim.App. 1984).
A review of the record and arguments presented by the father supports the trial court in that the questions the appellant wished to ask were either irrelevant or would simply introduce repetitive testimony of facts that were already sufficiently established. The father was allowed to cross-examine all other witnesses and even cross-examined the mother in earlier testimony. Therefore, we affirm on this point.
The father argues that the trial court erred in overruling his motion for new trial but cites no authority as required by Rule 28, A.R.App.P. Therefore, we will not consider this contention of the father.
Finally, the father contends he was the proper parent to receive custody of the minor children. Where evidence is presented ore tenus to the trial court in a child custody proceeding, the trial court's judgment will be presumed correct. Child custody is a matter which rests soundly within the discretion of the trial court, and we will not disturb the judgment on appeal unless it is shown to be plainly and palpably wrong. Green v. Green, 574 So.2d 802 (Ala.Civ.App. 1990); Shiver v. Shiver, 576 So.2d 671 (Ala.Civ.App. 1991). Also, the trial court is in the best position to evaluate the witnesses. Id.
The father argues that the trial court abused its discretion by awarding custody of the children to the mother based on her adulterous affairs. The trial court in this instance addressed the mother's behavior in its order and placed restrictions on her activity in the presence of the children. After considering all the evidence, however, the court found it in the best interests of the children to remain in Dothan, Alabama, with their mother. While an affair of a party is a factor that must be considered, misconduct is only one of many factors. "The primary concern in child custody cases is the best interest and welfare of the child." Santmier v. Santmier, 494 So.2d 95, 96
(Ala.Civ.App. 1986).
Other factors to be considered in the decision to award custody of minor children "include the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including age, character, stability, mental and physical health, and their respective home environments."Hall v. Hall, 577 So.2d 469, 470 (Ala.Civ.App. 1990);Santmier at 95. "[O]ur case law requires that there be evidence presented showing that such misconduct is detrimental to the child. [Citations omitted.] Such misconduct is not evidence in itself of a substantial detrimental effect on a child despite the *Page 985 
absence of any proof of harm to the child." Jones v. Haraway,537 So.2d 946, 947 (Ala.Civ.App. 1988).
We find ample evidence in the record to support the trial court's decision to award custody of the minor children to the mother. The judgment of the trial court on all issues raised is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.