L. CHARLES WRIGHT, Retired Appellate Judge.
Virginia Walker filed a complaint for workmen’s compensation benefits in the Circuit Court of Calhoun County against Magic Chef, Inc., alleging that she was owed benefits for a work-related injury. Following oral proceedings, the trial court found Walker to be totally and permanently disabled. Magic Chef appeals.
On November 2, 1989, while in the employ of Magic Chef, Walker suffered a torn rota-tor cuff in her right shoulder while operating an air-driven screwdriver. Dr. Rush Smith, an orthopedic surgeon, diagnosed the tear in late November 1989 and performed surgery in late December 1989. Dr. Smith testified *468 in deposition that Walker could not return to her job with Magic Chef and could perform no activities requiring her to elevate her arm above shoulder level, nor any activities repetitive in nature. He assigned Walker a permanent physical impairment rating of 21% to the upper extremity and 13% to the body as a whole.
At the time of trial Walker was 59 years old, with a high school education. She testified that she experiences daily pain in her right arm and shoulder and that the mobility and strength of the shoulder and arm had not improved at all since the surgery. She testified that she has lost the ability to do her normal chores around the home.
Dr. William Crunk, Walker’s vocational expert, testified that, in his opinion, Walker was totally and permanently unemployable and that she suffered a 100% loss of earning capacity. His opinion was based on medical testimony, Walker’s age and educational level, and Walker’s past employment history.
Tom Clark, Magic Chefs vocational expert, testified that, in his opinion, Walker suffered a vocational access loss ranging from 53% to 58%. He testified that as of the trial date, Walker had access to only 4.2% of all jobs in the Alabama labor market.
The trial court entered a detañed nine-page order, finding Walker to be permanently and totally disabled. Magic Chef raises three issues for our review.
Initially, Magic Chef argues that the court erred in limiting its cross-examination of Walker, thereby curtaüing its effort to impeach her testimony.
The extent and latitude of cross-examination is a matter within the sound discretion of the trial court and will not be reversed on appeal unless prejudicial error appears. Case v. Case, 627 So.2d 980 (Ala. Civ.App.1993).
Magic Chef insists that the court erred in sustaining Walker’s objection when it attempted to show that Walker had previous problems with her left shoulder, arm, and hand. Magic Chef has exaggerated the court’s ruling.
Magic Chef questioned Walker concerning her memory as to whether she had ever taken “Naprosyn,” an arthritis medication. Walker testified that she had not. Magic Chef repeated its question. Walker objected. The court sustained the objection, stating, “I have the gist of your line of questioning.” Walker’s medical records concerning her use of “Naprosyn” had previously been admitted into evidence, and Magic Chef requested that the court consider the records. Magic Chef made no further efforts to impeach Walker’s testimony.
We have thoroughly reviewed Magic Chefs cross-examination of Walker and find no prejudicial error with the court’s ruling.
Magic Chef asserts that the court erred in considering Walker’s age in determining the extent and degree of her loss of earning capacity. It insists that such a consideration is in contravention of the Age Discrimination In Employment Act of 1967, 29 U.S.C.A. §§ 621 through 634 (1985).
At the time of trial Walker was 59 years old and was to turn 60 years old in March 1993. In its order, the court made the following finding concerning Walker’s age:
“The Court is convinced, federal legislation notwithstanding, that the Plaintiffs age would impose great difficulties upon her successfully obtaining gainful employment, even if she was completely healthy. When her age is considered with her severe physical limitations and pain, and the fact that she cannot return to her trade, the Court finds that, whüe the Plaintiff may retain the abüity to successfully conduct some limited physical activities, she is effectively deprived of access to all jobs which might otherwise have been available to her.”
In Alabama, age is a relevant factor in determining loss of earning capacity. Courts not only consider the disabfiity, but may also consider age, education, and experience when determining the loss of earning capacity. DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136 (Ala.Civ.App.1988). Age, whether young or old, is always a consideration of employability by a prospective employer. Whether age is a disqualification in a particular case may bring it under the *469 aegis of the federal act. That is not an issue in this case. To deny advanced age as a factor in the employability of a physically disabled person would be denying reality.
Magic Chef finally asserts that the court’s findings of fact are erroneous and are not supported by the evidence.
We have reviewed the record and find the court’s findings of fact to be supported by the evidence. We find no error.
Magic Chefs Rule 39(k), A.R.A.P., request is denied. Walker’s request for attorney fees on appeal is denied.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.