YATES, Judge.
On April 18, 1994, the Juvenile Division of the Circuit Court of Okeechobee County, Florida, entered an order requesting the Alabama Department of Human Resources (DHR) to take three children living in Ash-ville, Alabama, into custody and to transport them to the Birmingham airport to be placed in the custody of the Florida Department of Health and Rehabilitative Services (DHRS). The court authorized and directed DHRS to place the children in shelter care, finding that “the removal of the children from the home is in the best interest of the children and is necessary to protect said children’s safety and well being” and that “an emergency exists in which the children can not safely remain in the home.”
DHRS alleged that another sibling of the children had been taken into its custody in 1990 and placed in foster care. That child had reported that the parents had sexually abused her, as well as the other children. DHRS had received information that the parents were incarcerated in the Okeechobee County jail and that the children were in the physical custody of L.L., the paternal grandmother, and that she had allowed an uncle, who had served time in prison for committing sexual crimes against children, access to the children. The uncle had allegedly been charged with new sexually related crimes and was facing a grand jury indictment.
On April 20, 1994, L.L. petitioned the Juvenile Court of St. Clair County, Alabama, seeking temporary custody of the children. She stated that she had had physical custody of her grandchildren since 1990; that they were residents of Alabama; and that the Florida court lacked jurisdiction. She alleged that DHR had “apparently agreed to carry out this order without any direction” from the Alabama court, and she asked the Alabama court to enjoin DHR from transporting the children to Birmingham to the custody of DHRS.
The Alabama court scheduled a hearing on the grandmother’s petition; however, when the case was called, the court was informed that the children were no longer in Alabama. The Alabama court entered an order on April 27, 1994, stating that it had been agreed that “the jurisdictional question would be presented on stipulation of facts.”
It was stipulated that the Florida court order was presented to the Alabama court and that the Alabama court gave an oral order on April 19, 1994, to DHR to aid and assist in enforcing the Florida court order by picking up the children and delivering them to DHRS. It was further stipulated that at the time the Alabama court gave this oral order, L.L. had not yet filed her petition.
Based upon the stipulation of facts, the Alabama court made findings and entered an order:
“That the [Florida court] assumed jurisdiction of the minor [children] by virtue of having the natural parents of said minor children before [it].
*620 “That there was no pending petition seeking temporary legal custody of the minor children filed with the [Alabama court].
“That the minor children had been removed from the jurisdiction of the [Alabama court] pursuant to [its] oral order ... before a hearing could be held on the Petition of [L.L.].
“It is therefore ORDERED, ADJUDGED AND DECREED that based on the Florida Court having assumed jurisdiction over the person of the minor children, before any petitions had been filed with the [Alabama court], the Petition of [L.L.] is now a moot issue.”
L.L. appeals, contending that the Alabama court denied her due process by allowing the Florida court order to be enforced without allowing her the opportunity of a hearing.
The record on appeal is sparse, consisting only of the Florida court order, L.L.’s petition, and the Alabama court order. There is no transcript of any oral proceedings in the Alabama court or in the Florida court.
Alabama courts, pursuant to the Uniform Child Custody Jurisdiction Act (UC-CJA), must recognize and enforce a valid custody judgment of another state. Ala. Code 1975, §§ 30-3-20 to -44; In re Colburn, 497 So.2d 182 (Ala.Civ.App.1986). However, if the Florida court did not have proper jurisdiction, its judgment is not entitled to full faith and credit and it is not mandatory that it be enforced pursuant to the UCCJA. Id.
The UCCJA provides the procedure for determining whether a state should assume jurisdiction of a custody matter. First, the court must determine whether it has jurisdiction to act pursuant to § 30-3-23(a). That section provides:
“(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
“(1) This state:
“a. Is the home state of the child at the time of commencement of the proceeding; or
“b. Had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
“(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
“a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
“b. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
“(3) The child is physically present in this state and:
“a. The child has been abandoned; or
“b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.”
Even if the Alabama court had jurisdiction at some point, the Florida court assumed jurisdiction pursuant to the “emergency” provision, prior to a petition being filed in the Alabama court. The record indicates that the children were in the physical custody of L.L., but the record does not reveal that she had legal custody of the children. Florida properly assumed jurisdiction of the children prior to the petition being filed in Alabama.
Further, the UCCJA authorizes a trial court to decline jurisdiction in certain situations. Ala.Code 1975, § 30-3-26(a), provides that a court shall not exercise jurisdiction “if at the time of filing the petition a proceeding concerning the custody of the [children] was pending in a court of another state exercising jurisdiction substantially in conformity with this article.”
In this case, DHRS had filed a petition for shelter care of the children and the Florida court had specifically found that the children were dependent, prior to L.L.’s petition be- *621 tag filed in the Alabama court. A “custody proceeding” as defined by the UCCJA includes a dependency proceeding. Ala.Code 1975, § 30-3-22(3). Therefore, the Alabama court could have properly declined jurisdiction because Florida had previously assumed “jurisdiction substantially in conformity with” the UCCJA.
The Alabama court also could have declined jurisdiction on the basis that it was an inconvenient forum. Ala.Code 1975, § 30-3-27(a), provides that a court may decline to exercise its jurisdiction over a child custody proceeding “if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.” The decision to decline jurisdiction is discretionary, and the UCCJA lists several factors that the trial court may consider in deciding whether it is in the children’s best interest that another state assume jurisdiction as the more convenient forum. Ballard v. Ballard, 444 So.2d 872 (Ala.Civ.App.1984). These factors include: whether another state is or recently was the children’s home state; whether another state has a closer connection with the children, the family, and one or more contestants; and whether evidence concerning the children’s care, protection, training, and personal relationships is more available in another state. Ala.Code 1975, § 30-3-27(c)(l), (2), and (3). Based upon these factors, the Alabama court could have also properly declined jurisdiction on the basis that the Florida court was a more convenient forum.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.