James R. Hyche and Joan C. Hyche filed a medical malpractice lawsuit on behalf of Luke Andrew Hyche, a minor, against Medical Center East ("MCE"), the University of Alabama Health Services Foundation, P.C. ("HSF"), and several other medical entities. All parties except MCE and HSF were voluntarily dismissed prior to trial. After a lengthy trial, the jury returned a verdict in favor of MCE and HSF. The Hyches appeal. This case was transferred to this court by our supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
The facts of the case surround the birth of Luke Andrew Hyche at MCE. However, the Hyches' appeal is singularly focused on a procedural issue; therefore, we find that a detailed recitation of the facts is unnecessary. The issue on appeal is whether the trial court erred in ruling that a plaintiff does not have the right to recross-examine a witness after that witness has been cross-examined by a co-defendant but in the absence of redirect testimony.
During the course of the trial on the merits, HSF called a witness. After direct examination, the Hyches and MCE cross-examined the witness; the Hyches were then allowed to recross-examine the witness, even though HSF did not redirect the witness. After the cross-examination of another witness, the issue of recross came before the trial court. When the trial court asked if a witness could be excused, the following exchange took place:
 "THE COURT: All right, gentlemen, can this witness be excused?
 "[COUNSEL FOR THE HYCHES]: No, sir, let me ask him a few.
 "THE COURT: You don't have any right to cross-examine somebody else's cross-examination. That's the court's ruling, you know, I've got to bring it to a head sooner or later.
 "[COUNSEL FOR THE HYCHES]: Earlier we had a chance after him is the reason I said that. "THE COURT: That was by the graciousness of this court, but the court's graciousness is slowly about to run out.
". . . .
 "THE COURT: As y'all well know, the proper way it goes is you have the direct examination by the people who put him on, and the other people can cross-examine. And you can go into anything on cross-examination, but unless you get direct examination again, you don't get recross-examination."
After the witness was excused, the Hyches did not make an offer of proof. A similar exchange between the trial judge and the Hyches took place after another witness for HSF was cross-examined — first by the Hyches and then by MCE. Again, the trial court would not allow additional cross-examination without redirect examination, and no offer of proof was made.
Section 12-21-137, Ala. Code 1975, and Ala. R. Evid. 611(b) directly address cross-examination of witnesses at trial. Section 12-21-137 gives the right to cross-examine *Page 1019 
every witness called against a party, and Rule 611(b) deals with the scope of cross-examination. However, neither section speaks directly to the issue before this court. The trial court has wide discretion in matters of cross-examination, and the rulings of the trial court will not be reversed absent a showing of gross abuse of that discretion that caused substantial injury to the objecting party. Perry v.Brakefield, 534 So.2d 602, 608 (Ala. 1988) (citations omitted). Further, this court has held that "the latitude and extent of cross-examination is a matter within the sound discretion of the trial court and is reviewable on appeal only forprejudicial abuse." Case v. Case, 627 So.2d 980, 984
(Ala.Civ.App. 1993) (emphasis in original). The Hyches did not make an offer of proof regarding what they expected to elicit from the witnesses on recross-examination. This court, therefore, cannot review whether the Hyches were prejudiced by the exclusion of that testimony without resorting to "impermissible speculation." Burkett v. American General Finance, Inc.,607 So.2d 138, 140 (Ala. 1992).
We find no abuse of discretion on the part of the trial court and, therefore, affirm its judgment in this matter.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.