Following oral proceedings, the Circuit Court of Mobile County entered a final divorce decree dividing the parties' property and awarding custody of the two minor daughters to the father. The mother appeals.
The mother contends that the trial court abused its discretion in awarding custody to the father.
In an initial custody determination the parties stand on equal footing without a favorable presumption to either.Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App. 1986). In determining which parent should have custody, the paramount consideration is the health, safety, and well-being of the child. Ex parte Hilley, 405 So.2d 708 (Ala. 1981). An award of child custody is a matter within the discretion of the trial court. Cole v. Cole,442 So.2d 120 (Ala.Civ.App. 1983).
This court presumes that the trial court correctly applied its discretionary authority to adjudge the child's best interests. Cole. The presumption arises because the trial court is in the best position to see and hear the witnesses. Cole. It is our duty to affirm the decree if it is supported by credible evidence. Cole. *Page 426 
To detail the facts of this case would serve no useful purpose. The evidence would have sustained an award of custody to either party. The trial court was in a better position than this court to determine which parent's custody would serve the best interests of the children. We cannot gainsay its judgment.
The mother asserts that her rights to due process were violated when the trial court conducted an unrecorded, in camera interview with the older of the minor children.
"The rule is that a trial court may conduct an in camera interview with a minor, provided that the court first notifies the parties of its intention and there is consent or waiver from the opposing counsel." Reuter v. Neese,586 So.2d 232 (Ala.Civ.App. 1991). Consent may be contingent upon a record being made of the interview. Ex parte Wilson,450 So.2d 104 (Ala. 1984).
The record reveals that the parties agreed to an in camera interview with the older child. The mother did not object to the interview nor request that it be recorded. We find that the mother acquiesced to the unrecorded, in camera interview.Reuter.
The judgment of the trial court is affirmed.
Both parties' requests for attorney's fees are denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.