In July 1992, following an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the marriage of Judy Elizabeth Lacaze (mother) and John Randel Lacaze (father). The trial court effected a division of marital property and awarded the father custody of the parties' two minor children, ages 9 years and 11 years. The mother was granted reasonable visitation and was ordered to pay child support in the amount of $176.26 per month pursuant to Rule 32, Alabama Rules of Judicial Administration. This amount will be reduced by one-half upon the oldest child's attaining the age of majority.
The mother appeals, asserting as prejudicial error the improper admission into evidence of copies of hospital records relating to psychological counseling and treatment she had received. She contends that the admission of these records prevented her from receiving a fair trial as to the issues of custody and the division of property. She argues that the trial court erred by awarding custody to the father, and that its division of marital property was inequitable.
The record reflects that the parties were married for approximately 16 years. Each was 36 years of age at the time of trial. The father has a degree in electrical engineering and is self-employed, working out of the home as an engineering consultant. His reported taxable income for 1991 was approximately $70,000. The mother did not complete a college degree and did not work outside the home for any significant period after the early part of the parties' marriage. Testimony indicated that she was the primary caretaker for the children during most of the marriage, but that during the last two years of the marriage the father assumed much of this responsibility. The mother also provided home schooling for the children for three years during the marriage. At the time of trial she was employed as a purchasing agent/receptionist in a position paying $5.50 per hour.
Evidence was presented to indicate that the mother was involved in an extramarital affair with another man during the final year of the parties' marriage. The father testified that he considered this relationship to be a primary cause for the breakup of the marriage and that his discovery of the affair precipitated his filing for divorce.
In August 1991, the mother spent a month in a Texas hospital receiving treatment and counseling for anxiety and depression she says she was experiencing due to the breakup of the parties' marriage. *Page 300 
At trial copies of the mother's hospital records were admitted into evidence over her objection.
The mother argues that, because her medical records were not compiled in a hospital "organized or operated under or pursuant to the laws of Alabama," the admission into evidence of copies of these records did not comply with §§ 12-21-5 and -7, Code 1975. She also contends that the admission of these records violated the patient-psychologist privilege. She asserts that such admission is a ground for reversal, because the records contain what she claims is prejudicial information about her psychological difficulties, as well as evidence of her extramarital affair.
Assuming, without so deciding, that copies of the mother's hospital records were erroneously admitted into evidence, we find any such error to be harmless in this instance. Apart from information contained in the contested records, there was ample other lawful testimony to the effect that the mother was suffering from depression and stress during the latter part of the parties' marriage. Thus, the information in the records as to her psychological state was largely cumulative and contained no additional material so prejudicial as to injuriously affect her substantial rights. Further, there was ample other lawful testimony at trial indicating that the mother was involved in an extramarital relationship, or from which this fact could be inferred. After careful review of the record, we conclude that it does not appear that the admission of copies of the Texas hospital records injuriously affected the substantial rights of the mother; therefore, reversal as to this issue is unwarranted. Rule 45, Alabama Rules of Appellate Procedure.
As to the issue of child custody, we note that a determination of custody will not be reversed absent a clear and palpable abuse of the trial court's discretion. Elmore v.Elmore, 586 So.2d 935 (Ala.Civ.App. 1991). In an action between parents seeking an initial award of custody, the parties stand on equal footing and no favorable presumption inures to either parent. Hall v. Hall, 571 So.2d 1176
(Ala.Civ.App. 1990).
Here, the trial court heard the evidence and awarded primary custody of the minor children to the father. Both parties presented persuasive testimony as to their fitness to rear the children, and it is apparent from this testimony that both parties love their children very much. While it is clear that the mother has fulfilled her obligations as a parent and would be capable of doing so in the future, it is equally clear that the father is a fit and proper person to have custody and that he is capable of fulfilling his obligations as the custodial parent. After careful consideration of the record testimony, we cannot hold that the trial court committed a clear and palpable abuse of discretion in the award of custody to the father.Elmore.
The mother also contends that the trial court abused its discretion when dividing the marital estate. The record reflects that the trial court, inter alia, ordered the father to pay to the mother the sum of $11,759.50 for her equitable interest in the marital residence and vested title in the father, awarded the mother the 1988 Volvo automobile and certain household furniture and furnishings as well as her jewelry and personal effects, and awarded her alimony in gross in the amount of $400 per month for three years. In addition to one-half of the equity in the residence, the father was awarded the 1986 Ford van, his consulting business, some stock he had received from a company as a result of his professional services, his IRA account, a 1988 Cheetah boat, certain household furniture and furnishings, and his jewelry and personal effects. The father was ordered to pay the mother $1,250 for her interest in the business and was ordered to pay all mortgages encumbering the residence, the indebtedness on the boat, the Astro loan account and VISA account of the parties, certain medical bills, and all federal and state taxes which might be due for 1991. The mother was held responsible only for the indebtedness to the clinic in Dallas, Texas.
We note that division of property in a divorce proceeding need not be equal *Page 301 
but must be equitable. Isham v. Isham, 464 So.2d 109
(Ala.Civ.App. 1985). Among factors that a trial court should consider in determining a property division between parties in a divorce action include the value and type of the property they own, the source of their common property, the length of the marriage, and, in appropriate cases, the conduct of the parties with reference to the cause of the divorce. Grimsley v. Grimsley,545 So.2d 75 (Ala.Civ.App. 1989). We will not disturb a trial court's judgment in dividing marital property unless the evidence discloses a clear and palpable abuse of discretion.Horner v. Horner, 600 So.2d 322 (Ala.Civ.App. 1992).
The record reflects that the father was the primary wage earner during the marriage. Both parties were awarded what amounted to a one-half interest in the marital residence; the mother was awarded a vehicle over twice the value of the vehicle awarded to the father; the business awarded to the father was his own one-man operation with virtually no assets other than himself; the stock and IRA account awarded to the father would have a tax liability when liquidated; there was an indebtedness owed on the boat; and the father was ordered to pay other debts of the parties; and the mother was awarded what will amount to $14,400 as alimony in gross.
Although the trial court assigned incompatibility of temperament as the ground for divorce, it is readily apparent from the record that the court could have concluded that the mother's affair contributed largely to the breakup of the marriage. Accordingly, the trial court could consider the mother's fault when dividing the property. See Shirley v.Shirley, 600 So.2d 284 (Ala.Civ.App. 1992); Slater v. Slater,587 So.2d 376 (Ala.Civ.App. 1991). The record does not support the mother's contention that the trial court's division of property was inequitable, and the evidence fails to disclose a clear and palpable abuse of discretion.
Because we find sufficient legal evidence to support the award of custody and the division of marital property, the trial court's judgment is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.