ROBERTSON, Presiding Judge.
Following an ore tenus proceeding, the trial court entered a final judgment of divorce, which awarded the wife $125 per month in periodic alimony and certain personal property. The trial court also ordered that the husband assure that the wife would continue receiving insurance coverage through the husband’s retirement benefits, and ordered that the husband pay $400 as partial reimbursement of the wife’s legal fees. The wife was divested of her interest in the marital home and land on which it is situated. The wife filed a post-judgment motion, which was denied, and she appeals.
The sole issue on appeal is whether the trial court abused its discretion in its award of alimony and in its division of property.
In reviewing the trial court’s judgment in a divorce case following an ore tenus proceeding, we presume the judgment to be correct until it is shown to be plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990). The law in Alabama is well settled that the trial court has broad discretion in determining a property division and in awarding alimony pursuant to a divorce, and that such determinations are to be reversed only for an abuse of that discretion. Jones v. Jones, 560 So.2d 1092 (Ala.Civ.App.1990). Property divisions in a divorce case do not have to be equal, only equitable. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Factors which the trial court may use in dividing marital property and in awarding alimony include the source of the common property, the ages, sex, and health of the parties, their future prospects *1337 and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
The record reveals that at the time of trial the wife was 79 years old and the husband was 80 years old. The parties had been married for approximately 30 years. No children were born of this marriage; however, the wife had a daughter, and the husband had three children from a prior marriage.
The record reflects that the wife left home unexpectedly to live with her daughter and then filed for divorce. She suffers from Parkinson’s disease, and at the time of trial her daughter was taking care of her. The record reflects that the wife receives $420 per month in Social Security benefits. The wife testified that she had a separate savings account and that she is paying her daughter to take care of her. The wife’s daughter testified that she charged her mother $200 per week to provide her with home care.
The husband testified that he had been taking care of his wife before she left; that he took her to the beauty parlor, the drug store, and the doctor’s office; that he cooked for her, gave her her medicine, and waited on her; and that he did not want to put her in a nursing home. He also testified that he did not want a divorce and that her leaving and filing for divorce had been a shock to him.
The husband testified that he has trouble walking; that he takes medication for emphysema, psoriasis, and ear trouble; and that he is currently under a doctor’s care. He testified that the marital home is situated on 8 acres of land in Ramer, Alabama. He had originally bought 10 acres, but he gave the wife’s daughter two of those acres. He owned a home in Montgomery before the parties met. After they married, he sold this home and used that money to buy the 10 acres and for a down payment on having a pre-fabricated home built. He testified that the home is in need of repairs, that the home and land are worth about $9,000, and that he has nowhere else to live. The husband also testified that in addition to all of his living costs, his expenses include a $208 per month car payment, approximately $270 every six months for car insurance, and $35 per month for the wife’s health insurance that he obtains through Montgomery County. He receives $228 per month in retirement benefits from Montgomery County, $709 per month in Social Security benefits, and $343 per month in disability benefits.
After a careful review of the record, and in view of the factors the trial court could consider, we find that the wife has failed to show that the trial court’s judgment was plainly and palpably wrong or unjust, and we do not find an abuse of the trial court’s discretion. The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.