Joel Preston Silvey sued for a divorce from Gail Brown Silvey on July 12, 1991, alleging no-fault grounds. The parties had been married in December 1981. The wife had two children from a previous marriage who resided with the parties throughout their marriage. The trial court entered a judgment on July 6, 1992, divorcing the parties, dividing their property and debts, and awarding the wife $6000 alimony in gross and an attorney fee of $10,000. The wife appeals.
The trial court's judgment contains the following provisions:
"TENTH: DEBTS
 "The parties shall file any previously unfiled individual or joint Federal and State income tax returns due to be filed during the marriage. Each party shall pay and be responsible for one-half of any and all tax liability connected with said returns or any other tax liability accruing during the marriage.
 "The net proceeds from the sale of the residences referred to herein [the Birmingham residence and a house and lot in Georgia] shall be first applied to the payment of said tax liability before any division by the parties."
The wife was employed as a school teacher when the parties first met, but she left employment when the parties married. She resumed teaching approximately two years before the husband sued for the divorce. Testimony established that throughout the marriage, and until he filed for divorce, the husband had assumed responsibility for supporting the wife, maintaining the marital residence, and paying the expenses of the marriage. He also provided items for the wife's children, such as clothes and automobiles.
At the time of trial, the husband was unemployed. The parties' 1990 joint Federal tax return had been prepared prior to trial and revealed, however, that he had earned $128,752. The wife had refused to sign the return, based on advice that, if she did, she would be subject to the tax liability. She testified that she was currently earning $27,000 per year teaching school and received approximately $900 per month in child support.
There was conflicting testimony as to whether the husband told the wife that she did not have to work after they were married. There was also conflicting testimony concerning discussions between the parties about their financial affairs. The husband testified that they had had several discussions about the fact that something had to be *Page 140 
done about their financial difficulties. The wife admitted that there were some discussions concerning household finances, but stated that there was a lack of communication concerning financial difficulties, and that that was one of the problems of the marriage.
The record also reveals that the parties bought and sold several properties during the course of the 11-year marriage. They relocated several times because of changes in the husband's employment. In 1985, the husband obtained employment in Evergreen, Alabama, and consequently moved from Birmingham to the Evergreen area. The wife and her children remained in Birmingham, where the husband visited on weekends.
The wife first contends that the trial court abused its discretion in making her responsible for one-half of the parties' tax liability and in requiring the sale of the marital residence, with proceeds from the sale to be used to pay the taxes. She argues that the extraordinary taxes owed were a direct result of the husband's earnings, the sale of a prior residence, the early withdrawal of an IRA, and a gain on the sale of two partnership interests that had been held in the husband's name only.
The record does not reflect that the husband neglected or mismanaged the financial affairs of the family. Instead, the husband testified that the parties jointly owned the last marital residence and that the funds from the IRA were used to purchase the lot on which that residence was built and to pay certain bills of the parties.
The division of marital property and the assessment of responsibility for marital debts are within the sound discretion of the trial court, and the court's order in that regard will not be disturbed or reversed except for palpable abuse of that discretion. Ex parte Jackson, 567 So.2d 867 (Ala. 1990).
While the record reveals that the husband assumed responsibility for a substantial amount of the marital debts, to the wife's benefit, the record is replete with disputed testimony regarding the financial aspects of the marriage. Based upon the record evidence, we hold that the trial court did not abuse its discretion in dividing the marital property and debts.
The wife also contends that the trial court erred in not awarding her periodic alimony, or at least in not reserving the issue for a later determination. She argues that, in her present job as a school teacher, she cannot maintain the same standard of living she maintained during the marriage from the support of the husband.
The award of alimony is also within the sound discretion of the trial court, and the court's order regarding alimony will not be disturbed on appeal absent an abuse of discretion.Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987).
Although we do not find that the failure of the trial court to award periodic alimony to the wife was an abuse of discretion, the issue should have been reserved for future determination.
The record discloses a great disparity in the demonstrated earning abilities of the parties during the 11-year marriage. Additionally, the evidence reveals that the wife was not employed outside of the home for the majority of those eleven years. Based upon the record evidence and the absence of an alimony provision in the final judgment of divorce, we are compelled to conclude that the trial court erred by not reserving the right to award periodic alimony in the future.Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ.App. 1992).
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 141