ROBERTSON, Presiding Judge.
On February 16, 1993, following an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the marriage of Teresa Lynne Orr (mother) and Roger Dale Orr (father). The trial court awarded the father custody of the parties’ two minor children, ages 2 years and 10 years. The mother was granted reasonable visitation and was ordered to pay child support in the amount of $43.00 per week pursuant to Rule 32, Alabama Rules of Judicial Administration. The mother was also ordered to pay 38% of all reasonable and necessary uninsured medical, dental, drug, and optical expenses of the parties’ minor children. However, the trial court reserved the issues of division of the personal property, real property, debts, and attorney’s fees for trial at a later date, but rendered the judgment of divorce a final judgment pursuant to Rule 54(b), A.R.Civ.P.
*1042 The mother appeals, contending that the judgment of divorce was an abuse of discretion and plainly and palpably wrong and that the trial court erred in ruling that no conflict of interest existed for the father’s attorney. We find no merit in the mother’s contention that the trial court erred in ruling that no conflict of interest existed for the father’s attorney.
We note that a determination of custody will not be reversed absent a clear and palpable abuse of the trial court’s discretion. Lacaze v. Lacaze, 621 So.2d 298 (Ala.Civ.App.1993). In an action between parents seeking an initial award of custody, the parties stand on equal footing and no presumption inures to either parent. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).
Here, the trial court heard the evidence and awarded primary custody of the parties’ minor children to the father. Both parties presented testimony as to their fitness to rear the children, and it is apparent from this testimony that both parties love their children very much. However, the testimony reflects that the mother and the parties’ minor children had lived with her married boyfriend for approximately six months and that the care of the minor children had been primarily left to the paternal relatives and the mother’s friends. After careful consideration of the record testimony, we cannot hold that the trial court committed a clear and palpable abuse of discretion in the award of custody to the father. Lacaze.
Because we find sufficient legal evidence to support the award of custody, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.