[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 601 
The parties separated in March 1993 and were divorced on January 27, 1994, after almost 24 years of marriage. The court awarded "primary custody" of their three minor sons to the mother, restricting her from changing her residence or that of the children from Madison County, Alabama, without prior written consent of the father or the prior approval of the court. The court awarded "the alternative care, custody and control" of the children to the father on the second and fourth Friday of each month from 6:00 p.m. on Friday until 6:00 p.m. on Sunday; one summer month each year; Thanksgiving weekend on each odd-numbered year; Christmas holidays from December 19 until 6:00 p.m. on December 25 on each even-numbered year and from 1:00 p.m. on December 25 until January 3 on each odd-numbered year; every other Easter Sunday; the afternoon of each child's birthday; every Father's Day; a spring school vacation week in even-numbered years; and "at all other reasonable times and places agreed upon by the parties." The court ordered the father to pay child support and to maintain insurance coverage for the children. It further awarded to the mother 50 percent of the father's disposable retirement pay from his service in the United States Air Force, and it reserved the question of alimony for future consideration.
The mother appeals, arguing that the residence restriction violates her constitutional right to travel. The father cross-appeals, contending that the court erred: (1) in awarding primary custody to the mother; (2) in failing to grant his post-judgment motion; (3) in disallowing evidence about the mother's abusive childhood; (4) in awarding the mother one-half of his retirement pay; and (5) in reserving the question of future alimony payments to the mother.
At trial, the mother testified that she had not decided where she would live, but that she had considered the fact that if she has to work outside the home she will "have to begin to look at the possibilities of car e for the children." She further stated that her family lives in North Carolina and that she thinks that it is important to be with family.
The father argues that the residential restriction is proper because of serious problems the oldest son has and his need for care and treatment, as testified to at trial by both of the parties and by the expert witnesses. We agree.
Extensive expert testimony was presented at trial about the son, who was 15 years old. Specific details of the problems would serve no useful purpose; however, he suffers from Attention Deficit Disorder, he experiences problems in academics and in relationships with his siblings and peers, and there was testimony that he showed signs of regressive behavior.
Both parties cite McDaniel v. McDaniel, 621 So.2d 1328
(Ala.Civ.App. 1993), which affirmed a trial court's order limiting the residence of the mother and children. In McDaniel, the court granted the parties joint custody. The residence of the wife and children was to be in Alabama, north of Shelby County, unless otherwise agreed by the parties. The mother appealed, arguing that the trial court abused its discretion in restricting her place of residence. This court found no abuse of discretion, holding that the restriction furthered the best interests of the children.
Here, the mother argues that the restriction violates her right to travel. This court has not addressed this constitutional issue in regard to residential restrictions on a parent with primary custody. Across the country, few cases have addressed this issue. In 1984, the Court of Appeals of Idaho ruled that the State had a "compelling governmental interest" that justified restricting the residence of the custodial parent, holding that the best interests of a child had priority over the parent's right to travel. Ziegler v.Ziegler, *Page 602 107 Idaho 527, 691 P.2d 773 (Idaho App. 1985) (citingCarlson v. Carlson, 8 Kan. App. 2d 564, 661 P.2d 833 (1983)).
We conclude that, given the extreme facts of this case, the residential restriction on the mother and children serves the best interests of the children. We note that, pursuant to the divorce judgment, the court may approve a change of residence from Madison County, without the father's permission, if it finds that a change of residence would be in the best interests of the children.
The father, on cross-appeal, contends that the court erred in awarding the mother primary custody. In an action between parents seeking an initial award of custody, the parties stand on equal footing and no favorable presumption inures to either parent. Lacaze v. Lacaze, 621 So.2d 298 (Ala.Civ.App. 1993). The record clearly indicates that each parent loves each son and would be a suitable custodial parent. However, the trial court awarded primary custody of the children to the mother, with liberal visitation rights to the father. A determination of child custody will not be reversed absent a clear and palpable abuse of the trial court's discretion. Id. The presumption in favor of the trial court's ruling arises because the trial court is in the best position to see and hear the witnesses. Williams v. Williams, 602 So.2d 425
(Ala.Civ.App. 1992). We find no abuse of discretion.
The father next contends that the trial court erred by denying his post-judgment motion, given what he contends was newly discovered evidence. In an affidavit attached to that motion, the father stated that on February 19, 1994, he had met with the mother, the son, and the son's counselor, who had earlier testified at trial, and that at this meeting he learned of certain behavior of the son that he argues was material to the court's determination of custody.
The father further stated in his affidavit, "When I inquired why I had not been told of this [behavior] before, [the counselor] said that it had been kept from me because [the mother] felt that it would be used in court as evidence that I should have custody of the children."
 "Granting or denying a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its order will not be reversed on appeal unless it appears that the court violated some legal right of the appellant or abused its discretion, the presumption being that the discretion was properly exercised."
Reuter v. Neese, 586 So.2d 232, 235 (Ala.Civ.App. 1991). The trial court, after considering the father's affidavit, denied the motion for a new trial. We find no error.
Next, the father argues that the court erred in awarding the mother custody because it refused to admit evidence that she had had an abusive childhood. On cross-examination of the mother, the trial judge sustained an objection on the grounds of remoteness and relevancy when counsel asked her about the difficulties she had had with her father. Unless the trial court, in deciding the question of remoteness, abuses its discretion, its ruling will not be considered error on appeal. C. Gamble, McElroy's Alabama Evidence, § 21.01(2) (4th ed. 1991), citing this court's opinion in Pollard v. Pollard,429 So.2d 1094 (Ala.Civ.App. 1983).
The father next argues that the court erred in awarding the mother 50 percent of his retirement pay. The couple was married for 13 of the 20 years that the father served in the Air Force. The mother accompanied him to each of his military assignments throughout his military career, performing the duties that are expected of an officer's wife, while also having the primary responsibility for the upkeep of the house and for the care of the children. In Ex parte Vaughn, 634 So.2d 533, 536
(Ala. 1993), our Supreme Court held that "disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division. . . ." A property division need not be equal, only equitable. Holmes v. Holmes, 621 So.2d 1336
(Ala.Civ.App. 1993). It is well settled in Alabama that the trial court's division of property in a divorce case will not be disturbed unless the court has palpably abused its discretion. Lacaze,supra. This *Page 603 
court finds no abuse of discretion in the division of property.
Finally, the father contends that the trial court erred in reserving the question of future alimony payments. Whether to award alimony and the amount of an alimony award are matters within the sound discretion of the trial court, and the court's judgment regarding these matters will not be disturbed on appeal absent an abuse of discretion. Silvey v. Silvey,634 So.2d 138 (Ala.Civ.App. 1993). Without reserving the question of future alimony, the authority to later award alimony is lost. Jeffcoat v. Jeffcoat, 628 So.2d 741 (Ala.Civ.App. 1993). We find no abuse of discretion in reserving the question of future alimony.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.