L. CHARLES WRIGHT, Retired Appellate Judge.
Tameka Whitt was born in 1986 to La-Sharn Whitt and Angela Nevels. The parents were high school students at the time of the birth. They never married. The child lived with her mother for approximately eighteen months. The mother and the paternal grandparents agreed that the paternal grandparents would take care of the child while the mother earned her nursing degree and became settled.
In 1988 the paternal grandparents adopted the child. The mother was not aware of the adoption until 1990. Upon discovery of the information, the mother sought legal help to have the adoption set aside. The adoption was finally set aside in January 1993. The mother took custody of the child at that time.
In February 1993 the father petitioned the circuit court for an ex parte temporary custody order, which was granted. The court subsequently held a custody hearing. Following the hearing, the court granted custody to the father. The mother filed a motion for new trial, which was granted.
A judge from another circuit was assigned the case. Following oral proceedings, the court awarded custody to the mother.
The father appeals and asserts that such an award was made in error. He further insists that the trial court erred in utilizing the “best interests of the child” standard rather than the more stringent standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984).
If there is a judgment granting custody to one parent, that custody will be changed only if it would “materially promote” the child’s welfare. Ex parte McLendon. In this case there is no valid judgment granting custody to one of the parties. The McLendon standard is, therefore, not applicable. Where both parents come before the trial court equally to request an initial custody determination, the appropriate standard is the “best interests of the child.” Poe v. Capps, 599 So.2d 623 (Ala.Civ.App.1992).
In an initial custody determination the parties stand on equal footing without a favorable presumption to either. Williams v. Williams, 602 So.2d 425 (Ala.Civ.App.1992). In determining which parent should have custody, the paramount consideration is the health, safety, and well-being of the child. Williams. An award of child custody is a matter within the discretion of the trial court. Williams.
This court presumes that the trial court correctly applied its discretionary authority to adjudge the child’s best interests. Williams. The presumption arises because the trial court is in the best position to see and hear the witnesses. Williams. It is our duty to affirm the decree if it is supported by credible evidence. Williams.
In awarding custody to the mother, the trial court made the following findings:
“Although the child has been in the physical custody of the father and/or his *1050 parents in recent years, she has had substantial contact with the natural mother and is clearly cognizant of her natural family relationships. The child is apparently happy in both homes and has been well cared for.
“Currently, the father is employed at a temporary business while he investigates going into business for himself. He resides primarily in the home of his parents, but often spends the nights with an aunt for her protection. He is presently unmarried, but has a relationship with a girlfriend and has fathered two other illegitimate children for whom he is legally and financially responsible. He has no immediate plans to marry the mother of his other children or to settle into a family home with her.
“The mother, a teenager when the child was born, has now fully stabilized her life and wishes to resume full responsibility for her child. The mother is employed as an LPN and is studying to become a registered nurse. She has married and has an infant child by her present husband, who also has stable employment. The mother and her husband reside in a home which is prepared for the child, and the child has a bonding relationship with the infant sibling recently born to the Mother. The mother’s husband is currently maintaining the child on his medical insurance coverage, and the mother has dental coverage on the child through her employment.”
The trial court’s findings are supported by the record. We find no error with its conclusion that the best interests of the child would be served by awarding custody to the mother. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.