On July 18, 1994, Lisa J. Brasfield filed a complaint in the Jefferson County Circuit Court seeking a divorce from Michael H. Brasfield on the grounds of adultery and an irretrievable breakdown of the marriage. The wife requested custody of the parties' minor son, then 5 years old, child support, alimony, a division of property, and an attorney fee. The wife also requested the trial court to order the husband to pay the debts of the marriage, to maintain health insurance coverage on the minor child, and to maintain life insurance policies for the benefit of her and the minor child.
The Jefferson County Circuit Court granted the husband's motion to transfer the action to the Walker County Circuit Court on September 22, 1994. The husband answered and denied the material allegations of the complaint and moved for immediate temporary custody of the minor child. The wife objected to the husband's motion for immediate temporary custody.
On November 17, 1994, the trial court entered an order granting the wife temporary custody of the minor child and exclusive possession of the marital residence pending further order of the court. The trial court ordered the husband to pay $3,000 per month pendente lite child support, all mortgage payments on the marital residence, the expenses of pool and yard maintenance relating to the marital residence, a reasonable telephone bill for the benefit of the wife and the minor child, and all other utilities pending further order of the court. The trial court restrained the parties from harassing or intimidating each other, from discussing in the presence of the minor child any proceedings or problems associated with the divorce action, and from conducting themselves in the presence of the minor child in a manner that would reflect adversely on the other party or on family members of the other party.
On November 18, 1994, the husband counterclaimed, seeking a divorce, custody of the minor child, and a distribution of property and marital debts. He alleged that an irretrievable breakdown of the marriage had occurred and that the wife had committed adultery, which he had not condoned. The husband also alleged that the wife was not the natural mother of the minor child, that the minor child had been born to a surrogate mother, that he was the minor child's natural father, and that the wife had adopted the minor child. On December 1, 1994, the husband amended his answer and counterclaim to add a challenge to the wife's adoption of the minor child.
On December 5, 1994, the wife moved for the appointment of a guardian ad litem to represent the minor child regarding the validity of her adoption of the child. The trial court appointed a guardian ad litem to represent the interest of the minor child. On December 7, 1994, the wife moved to dismiss those portions of the husband's answer and counterclaim attacking the validity of her adoption of the minor child. On December 8, 1994, the guardian ad litem filed a motion for the payment of an interim fee; the next day, the trial court ordered the husband to pay the guardian ad litem an interim fee of $3,132.75. On December 28, 1994, the wife *Page 1093 
amended her motion to dismiss. On January 11, 1995, the guardian ad litem filed a second motion for the payment of an interim fee.
On January 13, 1995, the guardian ad litem submitted a report recommending that the trial court not invalidate the wife's adoption of the minor child. That same day, the trial court entered a judgment of divorce. The trial court found that the husband had committed adultery during the marriage, that he had fathered two illegitimate children, and that the doctrines of estoppel and res judicata barred the husband's challenge of the wife's adoption of the minor child. The trial court awarded the wife custody of the minor child and awarded the father certain visitation rights.
The wife was awarded the contents of the marital residence; all items of personal property in her possession; a 1993 Ford Explorer vehicle; her individual retirement account; the husband's individual retirement account; the investment accounts held in trust for the minor child; her personal checking account; the D.H. Blair stock; the First Alabama Bank stock; the Merrill Lynch CMA account; the M.S. Ferrell accounts; the husband's life insurance policies with John Hancock and Mutual of New York; a note receivable for the sale of real estate in the Quinton/Pumpkin Center Community; and $500,000 of the husband's qualified retirement plan.
The husband was awarded the marital residence; 20 acres of land at Smith Lake held jointly with another person; a VCR; two camcorders; certain wedding photographs; "Alabama prints"; 12 place settings of multicolored stoneware and flatware; a 1985 BMW automobile; a 1989 BMW automobile; a 1990 Dodge van; a boat; two waverunners; the parties' joint checking account; the investments and debts of Blue Grass L.P.; the Madison County L.P., and "the Old Overton"; his medical practice; his business checking account; and the remaining $250,000 of his qualified retirement plan.
The trial court ordered the husband to pay $4,000 per month child support; a one-time child support payment of $2,500; health insurance coverage for the minor child; and all of the minor child's doctor, hospital, prescription drug, dental, orthodontic, or other expenses not covered by insurance. The judgment also required the husband to maintain a $576,000 life insurance policy naming the minor child as the irrevocable beneficiary, and a disability insurance policy in an amount equal to or greater than his child support obligation until his child support obligation ended. The husband was further ordered to pay the wife $5,000 per month periodic alimony; a one-time periodic alimony payment of $3,000; alimony in gross of $250,000, to be paid within 60 days of the entry of the divorce judgment; additional alimony in gross of $30,000 per year for five years, and $3,400 per year for three years "for her use in obtaining a college degree."
The trial court further ordered the husband to pay all of the parties' debts incurred before the date of the divorce judgment; to pay the indebtedness on the 1993 Ford Explorer vehicle awarded to the wife; to pay all tax liabilities relating to the parties' joint income through the 1994 fiscal year; to maintain a $500,000 life insurance policy naming the wife as the irrevocable beneficiary as long as he is obligated to pay periodic alimony; to pay the wife's attorney fees, totalling $100,000, and her attorneys' expenses of $10,467.97, plus interest; to pay the guardian ad litem a $2,225 fee; and to pay court costs.
On January 20, 1995, the husband moved for a stay of the enforcement of the provisions of the divorce judgment, which was denied. On January 25, 1995, the wife filed a motion requesting the trial court to "state that Plaintiff's Exhibits 75 through 78 are in evidence." The wife also filed a motion to alter or amend the divorce judgment or, in the alternative, for a new trial, and an objection to the husband's motion for a stay. The wife amended her motion to alter or amend on January 30, 1995. On February 9, 1995, the trial court entered an order stating that plaintiff's exhibits 75 through 78 had been admitted into evidence. The wife's motion to alter or amend was denied by operation of law.
The husband appeals, raising four issues: (1) whether the trial court abused its discretion *Page 1094 
in awarding the wife $5,000 per month periodic alimony and $400,000 alimony in gross, and in its division of property; (2) whether the trial court abused its discretion in awarding the wife $4,000 per month child support; (3) whether the trial court's award of a $100,000 fee to the wife's attorneys was an abuse of discretion; and (4) whether the trial court abused its discretion in awarding custody of the minor child to the wife.
The record reveals the following facts pertinent to this appeal. The husband is a physician specializing in internal medicine. He testified that his 1993 gross income was $448,269 and that his gross monthly salary at the time of trial was $24,000. He admitted to various acts of adultery during the marriage, and he admitted that his relationship with a female employee had resulted in his fathering two illegitimate children. A friend of the wife testified regarding the allegedly adulterous conduct of the wife. However, the trial court expressly found that this testimony was not credible and that there was no other evidence of misconduct on the part of the wife.
The wife testified that she was a licensed practical nurse, that she has an associate's degree as a medical assistant, and that she had owned her own business from 1986 until shortly after she filed the divorce action. At the time of the trial, the wife had voluntarily moved to Montgomery; she was taking classes at the Montgomery campus of Auburn University; and she was unemployed. The wife testified that she was seeking a bachelor's degree in education and that it would take her approximately three years to obtain that degree. She also testified that the minor child was attending a private school where his tuition cost $4,000 per year, that the child's school supplies would cost $300 per year, and that she needed a $1,000-per-month clothing allowance for herself and the minor child.
 I. Alimony and Property
We first address whether the trial court erred in awarding the wife $5,000 per month periodic alimony and $400,000 alimony in gross, and in its division of property. We note that in a divorce action matters such as alimony and the division of marital property are committed to the sound discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Further, in ore tenus proceedings, the trial court is the sole judge of the facts and the credibility of the witnesses. Crowe v. Crowe, 602 So.2d 441 (Ala.Civ.App. 1992). On appeal, issues of alimony and property division must be considered together, and the trial court's ruling will not be disturbed unless the ruling is a plain and palpable abuse of discretion. Ex parte Jackson, 567 So.2d 867 (Ala. 1990). Where one spouse is guilty of misconduct during the marriage, the trial court's award may be as liberal as the offending spouse's estate will permit under the circumstances of the case. §30-2-52, Ala. Code 1975; Shirley v. Shirley, 600 So.2d 284
(Ala.Civ.App. 1992); Wells v. Wells, 366 So.2d 728
(Ala.Civ.App. 1979).
After carefully reviewing the record, we conclude that the trial court did not abuse its discretion in its awards of alimony and division of property. Those awards are due to be affirmed.
 II. Child Support
We next address whether the trial court erred in awarding the wife $4,000 per month child support. The husband's gross monthly income of $24,000 exceeds the uppermost level of the child support schedule found in Rule 32, Ala.R.Jud.Admin. Therefore, the amount of child support lies within the trial court's discretion. Rule 32(C)(1), Ala.R.Jud.Admin.
However, the trial court's discretion in these circumstances is not unbridled. The award of child support must rationally relate to the reasonable and necessary needs of the child, taking into account the lifestyle to which the child was accustomed and the standard of living the child enjoyed before the divorce, and it must reasonably relate to the obligor parent's ability to pay for those needs. Dyas v. Dyas, [Ms. 2940262, August 11, 1995] ___ So.2d ___ (Ala.Civ.App. 1995);Anonymous v. Anonymous, 617 So.2d 694 (Ala.Civ.App. 1993).
When an order of child support exceeds the reasonable needs of the child, it constitutes "an abuse of discretion and perhaps *Page 1095 
appears to be a punishment upon the husband for his conduct against the marriage. . . . However, an excessive order for child support is not a basis for punishment for such conduct."Anonymous, 617 So.2d at 697.
In this case, the amount awarded, $4,000 per month, fails on the first prong; there is no indication in the record that it rationally relates to the reasonable and necessary needs of the minor child. The award appears to consider only the husband's ability to pay. Accordingly, we hold that the trial court abused its discretion, and the award of child support must be reversed and the cause remanded for a determination based on the needs of the child.
 III. Attorney Fees
We next consider whether the trial court erred in awarding the wife attorney's fees totalling $100,000 and expenses of $10,467.97, plus interest. The award of an attorney fee in a divorce case is within the sound discretion of the trial court and will not be reversed except for an abuse of discretion.Murray v. Murray, 598 So.2d 921 (Ala.Civ.App. 1992); Smith v.Smith, 470 So.2d 1252 (Ala.Civ.App. 1985). Factors to be considered by the trial court in a divorce action in making an attorney fee award include the earning capacity of the parties, the results of the litigation, and the financial circumstances of the parties. Id.
We note that the litigation in this case was both protracted and contentious. The assets involved in this case exceeded $2.3 million. After a careful examination of the record, we conclude that the trial court did not abuse its discretion in the award of attorney fees.
 IV. Custody
The standard governing our review the trial court's award of custody is well settled.
 "[A] determination of custody will not be reversed absent a clear and palpable abuse of the trial court's discretion. Lacaze v. Lacaze, 621 So.2d 298
(Ala.Civ.App. 1993). In an action between parents seeking an initial award of custody, the parties stand on equal footing and no presumption inures to either parent. Hall v. Hall, 571 So.2d 1176
(Ala.Civ.App. 1990)."
Orr v. Orr, 631 So.2d 1041, 1042 (Ala.Civ.App. 1993). See also, Everett v. Everett, 660 So.2d 599 (Ala.Civ.App. 1995). After a careful review of the record, we find no clear and palpable abuse of discretion in the trial court's award of custody to the mother.
Based on the foregoing, we reverse that portion of the trial court's judgment awarding the wife $4,000 per month child support and remand that determination to the trial court for further proceedings. The remaining portions of the trial court's judgment are affirmed. The wife's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and CRAWLEY, JJ., concur.