THIGPEN, Judge.
This is a divorce case.
After approximately 13 years of marriage, Jackie B. Sartain filed a complaint for divorce from Ted Sartain, alleging, among other things, incompatibility and an irretrievable breakdown of the marriage. The wife sought custody of their two minor children, child support, alimony, a division of the marital property, and an attorney fee. The husband answered, denying the allegations.
After ore tenus proceedings in January 1995, the trial court divorced the parties. In its judgment, the trial court noted that the parties had stipulated to joint custody. Inter alia, the trial court awarded the husband the marital home, subject to its indebtedness, his retirement account, a savings account containing approximately $450, and certain personal property. Further, the trial court awarded the wife $600 monthly periodic alimony, $30,000 as a lump sum property award and alimony in gross, U.S. Treasury “strips” totalling $25,485.25, a savings account containing $3,290.58, and certain personal property. The trial court also ordered the parties to pay their own attorney fees and reserved the issue of post-minority support.
The husband filed a post-judgment motion, and, after a hearing, the trial court amended its original judgment to award the husband custody of the minor children, and, inter alia, it reduced the wife’s periodic alimony to “temporary rehabilitative alimony of $400.00 per month ... for a period of one year,” and reduced the lump sum property award to $20,000. After specifically finding the wife to be healthy, willing to work, and underemployed, the trial court stated that the “temporary alimony ... is designed to give her an opportunity to improve her employment over a one-year period” and then ordered the wife to pay $150 monthly child support beginning in May 1996. The wife appeals, contending that the trial court erred by reducing the amount and duration of the periodic alimony award and by reducing the amount of the property division.
The award of alimony and the division of property following ore tenus proceedings are matters committed to the sound discretion of the trial court, and its judgment as to those matters will not be reversed on appeal except for a palpable abuse of that discretion. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). The deference traditionally given to the trial court by the application of the ore tenus rule is due, in part, to the trial court’s unique position to see or hear something that may not be readily apparent on the face of a written record. Hall v. Mazzone, 486 So.2d 408 (Ala.1986).
It is well-established that issues regarding the division of property and alimony awards are interrelated, and in determining whether the trial court abused its discretion regarding either of those issues, this court must consider the entire judgment. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). The division of property is not required to be equal, but must be equitable in light of the evidence, considering the appropriate factors. Montgomery, supra. The factors to be considered include: the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). This court has also stated that these factors should be considered by the trial court in determining the amount and duration of alimony. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). Additionally, we note that an award of periodic alimony is subject to modification based upon changed circumstances. See Treusdell v. Treusdell, 671 So.2d 699 (Ala.Civ.App.1995), cert. denied, 671 So.2d 699 (Ala.1995).
The record reveals the following pertinent facts: At the time of the divorce proceedings, the wife was 38 years old and was employed as-a school bus driver, earning approximately $743 monthly. The husband was 36 years old and was employed as an engineer, earning approximately $4,300 monthly. Except for the mortgage on the home, there were no marital debts. The wife did not work full-time outside the home after *1370 the birth of their first child in 1983, until she returned to work in 1993. During the marriage, she had attended college for one year and had completed some coursework in accounting and computer training. The wife testified that before the birth of their first child, she had worked in a grocery store; she said that she had a commercial driver’s license and that she had worked at several part-time jobs, including selling cosmetics and cleaning houses. She testified that she was in good health and that she needed to find a higher-paying job. It is particularly noteworthy that apparently the wife agreed with the trial court’s specific determination that she was underemployed.
The record contains several hundred pages of testimony and evidence, which the trial court considered in deciding the issues of support and property division. In light of our standard of review and the factors set out above, we cannot hold that the trial court abused its discretion. Even if this court would have made a different determination, absent an abuse of discretion, we are without authority to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
YATES, J., dissents.