RICHARD L. HOLMES, Retired Appellate Judge.
Tom Irving (husband) and Jan Irving (wife) were married in February 1982. In December 1994 the husband filed a complaint for divorce, wherein he requested that the trial court award custody of the parties’ minor child to him. The wife filed an answer and a counterclaim, wherein she requested that the trial court award custody of the minor child to her. The wife also requested alimony and child support.
After an ore tenus hearing, the trial court entered a judgment of divorce, awarding joint custody of the minor child to the husband and the wife, with the primary physical custody being vested in the wife. The judgment further ordered the husband to pay $1,000 per month as child support. In regard to the issue of alimony, the judgment provided as follows:
“15. [The wife] is awarded temporary periodic alimony for a period of five years in the amount of $2,000.00 per month ...; thereafter, alimony shall be reduced to $1,000.00 per month for a period of five years. Thereafter, the court reserves a right to award future alimony.”
The wife appeals. She contends that the trial court abused its discretion in (1) ordering joint custody of the minor child; (2) failing to award her sufficient alimony; and (3) failing to order the husband to provide for her health insurance.
Initially, we note that when a divorce case has been presented to the trial court ore tenus, the judgment of the trial court as to all matters regarding child custody and alimony is clothed with a. presumption of correctness, and that judgment will not be set aside unless it is so contrary to the evidence as to be clearly wrong or unjust. Silvey v. Silvey, 634 So.2d 138 (Ala.Civ.App.1993); Williams v. Williams, 602 So.2d 425 (Ala.Civ.App.1992).
In an action between parents seeking an initial award of custody, the parties stand on equal footing, and no favorable presumption inures to either parent. Lacaze v. Lacaze, 621 So.2d 298 (Ala.Civ.App.1993). As stated previously, a judgment regarding the determination of child custody will not be reversed absent a clear and palpable abuse of the trial court’s discretion. The presumption in favor of the trial court’s ruling arises because the trial court is in the best position to see and hear the witnesses. Williams, supra.
With the above standard in mind, we do not deem it necessary to set out in detail the facts of this case. Suffice it to say, we have carefully reviewed the record and find that both the husband and the wife are actively involved in the life of their minor child. We would note that during the course of the trial, both the husband and the wife attempted to demonstrate the unsuitability of the other. However, there is ample evidence that both the husband and the wife are “fit” parents. Therefore, we find no abuse of discretion.
Next, as stated previously, the award of alimony and the amount of an alimony award are matters within the sound discretion of the trial court, and the court’s judgment will not be disturbed on appeal absent an abuse of discretion. Silvey, supra.
Again, no useful purpose would be served in detailing the facts of this case. After carefully reviewing the evidence, we cannot say that the award of the temporary periodic alimony is so unreasonable that it would constitute an abuse of the trial court’s discretion. We would note, however, that the trial court did reserve its right to award the wife future alimony.
*1160 Last, the wife contends that the trial court abused its discretion in not ordering the husband to pay her health insurance. However, she fails to cite any authority in support of this contention. It is well settled that this court is precluded from considering an issue when there is no authority cited in support of the appellate argument. Cockrell v. State ex rel. Franklin, 637 So.2d 903 (Ala.Civ.App. 1994). In any event, we do note that in regard to the issue of health insurance, the judgment provides that the “[husband] shall provide the health insurance and be responsible for all non-eovered costs.” In view of the totality of circumstances, this court determines that the husband is to provide the means for the wife to obtain health insurance. And, if he is unable to so provide, then the trial court can remedy that situation by the appropriate proceedings.
In light of the above, we cannot find that the trial court abused its discretion.
Consequently, the judgment of the trial court is affirmed.
The wife’s request for attorney fees on appeal is, in view of all the circumstances, denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AEFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., and MONROE, J., concur in the result only.