728 So.2d 1102 (1998)
G.K.M.
v.
E.B.M.
2961165.
Court of Civil Appeals of Alabama.
January 16, 1998.
Rehearing Denied February 20, 1998.
*1103 William N. Clark of Redden, Mills & Clark, Birmingham, for appellant.
Ian F. Gaston of Gaston & Gaston, Mobile, for appellee.
MONROE, Judge.
After more than 32 years of marriage, G.K.M., the wife, and E.B.M., the husband, were divorced on February 19, 1997. The wife appeals, asking this court to review the decisions of the trial court regarding periodic alimony, division of marital property, and attorney fees.
The only testimony presented to the trial court ore tenus concerns the issue of attorney fees. The parties submitted depositions as to all other issues. Because the trial court did not take oral testimony on those issues, the ore tenus rule does not apply as to them. Thus, all issues, except the issue of attorney fees, will be reviewed without a presumption of correctness. Sevigny v. New South Federal Savings & Loan Ass'n, 586 So.2d 884 (Ala.1991); Cross v. Rudder, 380 So.2d 766 (Ala.1979).
The testimony in the submitted depositions shows the following: The husband and wife were married in 1964, while the husband was in law school. Two sons were born of the marriage; both sons have graduated from college. The wife did not have a job outside the home during the marriage; she worked rearing the parties' children and taking care of the home. During the last years of their marriage, the wife attended college and earned a bachelor's degree with a major in psychology. She is currently enrolled in a three-year program to receive a master's degree in social work.
The deposition testimony also showed that the husband began having an extramarital affair in 1976. He continued this affair throughout the parties' marriage. His testimony and that of his paramour shows that he took the paramour on numerous trips, including trips to Las Vegas twice, to Reno, to the Bahamas twice, to Washington, D.C., to Nashville, and to several other locations. The evidence also shows that he took her out on dates often, including dates at restaurants and movies. He also escorted her to the weddings of her children. The husband gave her many gifts, including rings, bracelets, two televisions, two VCRs, a dishwasher, a dryer, $200 a month, and various other things.
The wife first heard rumors of the husband's affair in 1991. Between 1991 and 1994, the husband moved in and out of the marital home several times. In 1994, his paramour telephoned the wife and told her that she had been having an affair with the husband since 1976. The husband moved out of the marital home permanently in 1994. The husband does not deny the affair, and he testified that his wife was not at fault for the breakdown of their marriage.
The wife argues that the trial court abused its discretion in its award of alimony and in its division of the marital property. It is well settled that issues of periodic alimony and division of property are within the discretion of the trial court and that the trial court's order on these issues will not be reversed absent a showing of an abuse of discretion. Lentz v. Lentz, 660 So.2d 1012 (Ala.Civ.App.1995). Issues of alimony and division of property are interrelated, and, in determining whether the trial court abused its discretion in regard to these awards, an appellate court must consider the entire judgment. Boykin v. Boykin, 628 So.2d 949 (Ala.Civ.App.1993). A division of property is not required to be equal, but it must be equitable, and the trial court exercises its sound discretion in determining what is equitable. Id. Factors to be considered in awarding alimony and dividing marital property include the source of the common property, the ages and health of the parties, the parties' future prospects and stations in life, the length of the marriage, and the conduct of the parties regarding the cause of the divorce, where appropriate. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986).
*1104 In the divorce judgment, the trial court ordered the husband to pay the wife periodic alimony of $1,500 per month for five years, after which the amount is reduced to $1,200 per month. The court also ordered the husband to pay the wife's health insurance pursuant to COBRA for the maximum period available under his group insurance plan or until the wife becomes eligible for health insurance through future employment. In addition, the husband was ordered to maintain a life insurance policy on his life with a death benefit of at least $100,000 with the wife named as the beneficiary.
The court awarded the wife the marital home, the furniture and personal property located in the marital home, her 1990 Honda Civic automobile, an Auburn University "tuition bond" valued at $10,000, the money in her checking and savings accounts, and stock valued at $650. The husband was awarded his GMC truck, his $7,000 interest in a partnership, the funds in his judicial retirement plan and his supplemental retirement plan, his Formula boat and trailer, and his Aqua Sport boat. The marital home was appraised at $68,500, at the husband's request and by an appraiser hired by the husband. The wife was ordered to make the $245 monthly payments on the first mortgage and the husband was ordered to make the $739 monthly payments on the second mortgage. The husband's yearly employment income is $113,300.
Considering that the husband has to maintain life insurance for the benefit of the wife, that he has to make a $739 monthly mortgage payment on the marital home, and that he has to maintain health insurance for the wife, we cannot say that the award of alimony and division of marital propertyexcept as to the retirement accounts, which we will address laterwere inequitable. The award of alimony is affirmed, and, except as to the retirement accounts, the property division is also affirmed.
The wife argues that the trial court abused its discretion by not awarding her any interest in the husband's retirement accounts. We agree. An interest in a retirement account is an asset that may be considered in effecting an equitable property division. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). The husband's interests in his judicial retirement plan and his supplemental retirement plan are assets built up during the parties' marriage for their common benefit. The wife was not employed during their marriage and does not have a retirement plan of her own. She will be 56 years old when she completes her graduate program. Considering that the evidence is undisputed that the husband's long-term adulterous affair was the cause of the parties' divorce, it is inequitable, if not cruel, to leave the wife with no retirement benefits, requiring her to start building up retirement funds from scratch. Therefore, we reverse that portion of the judgment awarding the husband the sole right to his interests in the retirement plans, and we remand the cause for the trial court to enter an equitable order consistent with this holding. On remand, the trial court is not precluded from reconsidering all aspects of the property settlement in fashioning an equitable award.
The wife also argues that the trial court abused its discretion in its award of an attorney fee. The trial court ordered the husband to pay the wife $5,000 toward her attorney fees and $2,400 as expenses for her attorney of record. The award of an attorney fee is within the sound discretion of the trial court and will not be reversed except for an abuse of discretion. Brasfield v. Brasfield, 679 So.2d 1091 (Ala.Civ.App.1996). Factors to be considered in making an attorney fee award in a divorce case include the earning capacity of the parties, the results of the litigation, and the financial circumstances of the parties. Id.
The trial court heard oral testimony on this issue only. The wife presented the testimony of an attorney practicing in the Mobile area, who testified that a reasonable fee for this case would be from $12,000 to $14,000 plus expenses. The husband presented the testimony of another Mobile attorney, who testified that his practice was to handle divorces of local attorneys free of charge. He estimated that a reasonable attorney fee award in this case would be $3,000. Considering the earning capacity of the parties, the *1105 results of the litigation, and the financial circumstances of the parties, we cannot say that the trial court abused its discretion in its award of an attorney fee. Therefore, this portion of the trial court's judgment is affirmed.
The wife's request for an attorney fee on appeal is granted in the amount of $2,000.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in part and dissents in part.
ROBERTSON, Presiding Judge, concurring in part and dissenting in part.
In light of our standard of review, I cannot hold that the trial court abused its discretion in not dividing the husband's retirement accounts. "Even if this court would have made a different determination, absent an abuse of discretion, we are without authority to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985)." Sartain v. Sartain, 682 So.2d 1368, 1370 (Ala.Civ.App.1996).
Property divisions must be equitable and "the determination as to what is equitable rests within the sound discretion of the trial court." Duckett v. Duckett, 669 So.2d 195, 197 (Ala.Civ.App.1995). "A trial court may consider retirement accounts and benefits in making its determinations regarding alimony and the property division; however, there is no requirement that those assets be divided. Ex parte Vaughn, 634 So.2d 533 (Ala.1993). See also Fowler v. Fowler, 636 So.2d 433 (Ala.Civ.App.1994), and Landers v. Landers, 631 So.2d 1043 (Ala.Civ.App.1993)." Treusdell v. Treusdell, 671 So.2d 699, 704 (Ala.Civ. App.1995). It is clear to me from the award of alimony and property to the wife that the trial court considered the retirement accounts and awarded them to the husband in order to effect an equitable division.
I cannot find an abuse of discretion in this case and would affirm the trial court's judgment in its entirety; therefore, I respectfully dissent from the reversal in part.