MONROE, Judge.
Robert F. Thigpen III (“the husband”) appeals from a final judgment of divorce, awarding substantially all of the marital assets to Melissa Thigpen (“the wife”) and requiring the husband to pay the wife $21,-258.41. The husband contends that the trial court abused its discretion when it divided the marital assets and debts.
In Silvey v. Silvey, 634 So.2d 138, 140 (Ala.Civ.App.1993), this court stated, “The division of marital property and the assessment of responsibility for marital debts are within the sound discretion of the trial court, and the court’s order in that regard will not be disturbed or reversed except for palpable abuse of that discretion.” While it is not required that the property division be equal, it should be equitable under all the circumstances of *483 the particular case. Edge v. Edge, 628 So.2d 634 (Ala.Civ.App.1993).
The parties were married in August 1995. During the marriage, the parties lived in Baldwin County. The wife was a college student, majoring in microbiology,- and she worked part-time as a pharmacy technician at West Florida Regional Medical Center. The wife’s college tuition was paid through scholarships and by the wife’s parents. During the marriage, the parties lived with the wife’s parents, and they paid no rent and very few utility bills. During the marriage, the husband worked full-time and earned most of the parties’ income. The parties’ income was deposited into a joint checking account.
In approximately March 1998, the husband obtained a job that required him to move to Atlanta, Georgia. He moved to Atlanta and leased an apartment there. The wife was to move to Atlanta a few weeks later. However, she did not do so, and in August 1998 she sued for a divorce.
It is undisputed that during the marriage the husband had an addiction to what the parties called “porn and phone sex.” The husband spent approximately $1,100 on phone sex during the marriage, and the wife alleged that he had spent approximately $1,000 on pornographic material through their Internet service.
At the time of trial in February 1999, the wife, who by then had received her bachelor of science degree in microbiology, was living in Atlanta and had a research fellowship. The husband, who is a customer-service manager for an appliance store in Alpharetta, Georgia, earns between $25,000 and $30,000 per year.
The main issue litigated during the trial was the question who was going to pay the marital debts. At the trial, the evidence indicated that the wife had possession of substantially all the marital assets, including the parties’ computer. Although she did not have the microwave oven, the television, the VCR, and the stereo, the husband testified that he was willing to give the wife those items.
The wife testified that at the time of the parties’ separation the marital debt to-talled $15,753 (which is in her name), but that she wants the husband to pay her $23,184.07 because, she says, during the marriage money was spent that could have been used for other purposes and she wants that money back. The husband testified that many of their bills were paid through the joint checking account and that his paycheck went into that account. He also testified that he was willing to pay one-half of the marital debt, if that obligation to pay was subject to a setoff for' approximately $10,000 worth of the martial assets she received. The wife contended that the husband should pay more than half the marital debt because, she says, most of the debt was incurred by him.
We cannot see how it is equitable to require the husband to pay the wife $21,-258.41 (which is $5,505 more than the marital debt at the time of the parties’ separation) while at the same time awarding the wife substantially all of the marital assets, even' the microwave oven, the television, the VCR, and the' stereo. Stated another way, under the judgment the husband receives none of the marital assets and is required to pay the wife over $5,000 more than the marital debt at the time of the parties’ separation. Thus, we reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, jj., concur.
ROBERTSON, P.J., concurs in the result.