940 So.2d 1027 (2006)
John Ronald STUCKEY
v.
Shannon STUCKEY.
2040598.
Court of Civil Appeals of Alabama.
April 14, 2006.
Trant Bullard, Dothan, for appellant.
Shannon Stuckey, pro se.
BRYAN, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(C), Ala. R.App. P.; Baggett v. Baggett, 855 So.2d 556, 559-60 (Ala.Civ.App.2003); Brasfield v. Brasfield, 679 So.2d 1091, 1095 (Ala.Civ. App.1996); and O'Neal v. O'Neal, 678 So.2d 161, 164-65 (Ala.Civ.App.1996).
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, P.J., concurs in part and dissents in part, with writing, which MURDOCK, J., joins.
CRAWLEY, Presiding Judge, concurring in part and dissenting in part.
Although I agree that that portion of the trial court's judgment making the husband responsible for a portion of the wife's attorney fees should be affirmed, I reach a different conclusion as to the award of alimony in favor of the wife. The parties had a relatively short marriage during which the wife took ill. According to the testimony at trial, the parties entered Chapter 13 bankruptcy protection during the marriage. The husband testified that he was unable to make the Chapter 13 payments on his income and that he was likely to seek to convert the bankruptcy to one under Chapter 7. If the purpose of periodic alimony "is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage," O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996), then the trial court was required to consider not only the status that the parties enjoyed during the marriage but also the ability of the husband to maintain the wife in that lifestyle upon the dissolution of the marriage. The evidence presented at trial reveals that the husband and wife failed to adequately manage their finances during the marriage and that, since the separation, the husband has struggled to maintain his own finances, including the house payments on the marital residence, which were in arrears at the time of trial. Once the additional strain of the wife's medical expenses are added to the husband's financial burden, the husband's financial picture will become extremely *1028 bleak. I would, therefore, reverse the award of $1,400 per month in periodic alimony.
MURDOCK, J., concurs.